JOHN ROBERTSON v. ISAAC EPHRAIM.

Whether an issue of fact on a plea in abatement, and one upon the merits, shall be submitted together to a jury, must be left, in a great measure to judicial discretion.

But when they really present distinct issues, the jury must be instructed to that effect, and that if they find for defendant on matter pleaded which would abate the action, they need not consider or find upon the merits of the case.

If the issue on the plea in abatement appears to the Court to be important, it should be first tried and found, before evidence is heard on the merits.

Where the issue on the plea in abatement does not appear to the Court to be important, all the evidence upon both issues may be given to the jury, who can find separate verdicts, if that be deemed of necessity or importance.

Where in a suit in the nature of an action *de bonis asportatis*, the defendant filed a plea in abatement alleging his residence in another county, and the plaintiff excepted to the plea in general terms, and the exception was overruled, this Court thought it questionable whether the plaintiff could urge here in support of the exception, that the plea failed to deny the alleged trespass in the county where the suit was commenced, such objection not having been taken in the Court below.

The Court seemed inclined to hold in this case, that a suit in which the petition contained merely the usual averments of a declaration in an action *de bonis asportatis*, did not come within the seventh exception to the statutory rule of practice, requiring suit against an inhabitant of this State, to be instituted in the county where the defendant resides.

Where the defendant is alleged to be a resident of the county where the suit is brought, and pleads in abatement that he does not reside in that county but in another, the burden of the proof is on the defendant.

The application of the defendant in writing, "to the officers and members of Ark Lodge, No. —, I. O. O. F." to become a member of their order, signed by the defendant a few days before the commencement of the suit, and stating his residence in the county where the suit is brought, is good evidence for the plaintiff on the trial of a plea in abatement alleging the residence of the defendant in a different county.

Error from Lavaca.    Tried below before the Hon. Fielding Jones.

Robertson   v.   Ephraim.

Suit by plaintiff in error against defendant in error. The petition alleged that one Isaac Ephraim, a resident of said county of Lavaca and State of Texas, is indebted to the petitioner in the sum of two thousand dollars, in this, that petitioner was heretofore, to-wit: on the 19th day of January, A. D., 1856, in the quiet and peaceable possession, in his own right, of a certain lot or parcel of goods, wares, merchandize, &c., of the value of six hundred dollars, for a more particular description of which said lot of merchandize, &c., reference is hereby made to a bill of particulars, enumerating the various items annexed to this petition, marked " exhibit A," and prayed to be taken as part of this petition ; that said Ephraim, with force and arms, illegally and wrongfully seized, took and carried away out of the possession of your petitioner in the said county of Lavaca, and State of Texas, on the said 19th day of January, A. D., 1856, the said lot of goods, merchandize, &c., of the value of aforesaid, and then and there converted the same to his, the said Ephraim's, own use, contrary to law, and has hitherto failed and refused, and still fails and refuses to return the same to petitioner, or any part thereof, although often demanded so to do.   Wherefore petitioner says he is damaged by the said wrongful acts of said Ephraim in the sum of two thousand dollers, for which he prays judgment, and for such vindictive and punitive damages, &c.

The petition was filed January 21, 1856, two days after the alleged trespass.

Citation to Lavaca county, returned served January 23rd. Plea, in abatement under oath, April 8th, that defendant is not now, and was not at the time of filing said suit, a resident citizen of the county of Lavaca, but a resident of the county of Harris.   Answer, April 11th, denying all and singular, &c. April 12th, replication by plaintiff to plea in abatement, denying all and singular, &c., and alleging that at the time the said suit was brought, the said Ephraim represented himself to be, and was in fact, a resident of this county, and fraudulently,

by representation, induced plaintiff to bring this suit in this county.

April 11th, rule on plaintiff for costs. April 12th, plaintiff "excepts to defendant's plea in abatement, and moves the Court to strike it out for insufficiency in the same." (This is the order of the transcript, but it will be observed that the dates of the replication and of this exception are the same. REPS.) Same day motion by defendant to dismiss, on the ground that the value of the goods did not amount to one hundred dollars, and the Court had not jurisdiction. Judgment of voluntary non-suit without date. April 14th, motion to set aside the non-suit, for causes which will appear in the following bill of exceptions, in the form of a statement of facts :

Plaintiff's exceptions to defendant's plea in abatement to the jurisdiction of the Court were overruled by the Court, to which ruling of the Court plaintiff excepted. The Court then ruled that the plaintiff should introduce his proof to negative the plea in abatement (upon which plea issue had been joined after plaintiff's exceptions thereto had been overruled by the Court) and before the defendant had introduced his affirmative proof in support of the plea ; and the Court also ruled that the plaintiff should introduce his proof in support of his averments in the petition on the merits at the same time with his proof to negative the plea in abatement, to which ruling of the Court plaintiff excepted. Plaintiff then offered in evidence a paper writing, signed by the proper name of the defendant, in which defendant acknowledged himself a resident of the town of Hallettsville, in Lavaca county, but a few days before the filing of the suit, as follows :

To the officers and members of Ark Lodge, No. —— I. O. O. F. The petition of the subscriber respectfully sheweth, that he is desirous of becoming a member of your benevolent and honorable order. He has examined your constitution and by-laws, and is ready and willing to yield obedience thereto.

His residence is Hallettsville ; his age is 29 years ; his occupation a merchant.

(Signed)                          J. EPHRAIM.

Recommended by, &c.

But the Court refused to allow the paper to be read and the evidence to go to the jury, to which ruling of the Court, plaintiff excepted.  The plaintiff then proved by two witnesses that the defendant signed the paper above set out in their presence, and that they witnessed the same ; and at the time of such signing by the defendant, he stated to witnesses that he was doing business both in Harris county and in Lavaca county ; that he staid most of his time in Harris county, but that when he was in Lavaca county he considered his home in Lavaca county ; that he, defendant, was a single man, and remained in Lavaca county some time after the institution of this suit.  One of said witnesses stated that he considered the defendant to live in Harris county, notwithstanding his declaration to the contrary.  After making which proof plaintiff again offered the paper before set out, in evidence, which was ruled out by the Court, to which ruling of the Court plaintiff excepted.

Plaintiff then proved by another witness that defendant had told him, (witness,) in Harris county, before defendant came to Lavaca county, that he, defendant, was coming to Lavaca county to do business ; and witness thereby believed that the actual residence of defendant was in this county.  Plaintiff then offered testimony to prove the ownership of the goods and merchandize, charged to have been wrongfully converted by the defendant, to be in the plaintiff, and also to prove the wrongful conversion of them by the defendant, together with the value and the damage resulting to the plaintiff by the wrongful conversion by defendant of said goods ; which testimony was objected to by defendant, which objection was sustained by the Court, to which ruling of the Court plaintiff excepted.

The plaintiff then offered to prove that he had no bill or list

Robertson   v.   Ephraim.

of the articles of merchandise and their separate value, which are charged to have been wrongfully converted, as above stated, at the time of the filing of this suit, and that the defendant had, ever since said wrongful conversion, and filing of this suit, had possession of said goods, thereby preventing the plaintiff from setting out a more particular description of said goods and their separate value, which proof was objected to by the defendant, and the objection was sustained by the Court, to which ruling of the Court plaintiff excepted.  Plaintiff then took a non-suit.

It seems the Court below regarded the bill of particulars not specific enough.  Motion to set aside the non-suit overruled, &c.  Error by plaintiff.


*Rogers* and *Megginson*, for plaintiff in error.


HEMPHILL, CH. J.  Under Art. 688 (Sec. 29 of the Act to regulate proceedings in the District Court) defendants are required to file all pleas, whether of law or fact, at the same time, but in the due order of pleading ; and these, under Art. 691, are to be disposed of in the due order of pleading, under the direction of the Court.  Whether an issue of fact on a plea in abatement, and one upon the merits, shall be submitted together to a jury, must be left in a great measure to judicial discretion.  But when they present really distinct issues, the jury must be instructed to that effect, and that if they find for the defendant on matter pleaded which would abate the action, they need not consider or find upon the merits of the case. The Court can, in most cases, speedily determine whether the issue on the plea in abatement is important.  If so, that issue should first be tried and found, before evidence is heard on the merits.  If not, the jury after hearing all the evidence, can find on both issues, by separate verdicts if that be deemed of necessity or importance.

The question of domicil, on the plea of abatement, is certainly distinct from the merits, and if not tried separately, the jury should be instructed to distinguish between the evidence on the different issues, and to find them on the evidence which is relevant to each.   There are  some  matters giving jurisdiction to special localities, the issues on which go as well to the abatement of the suit as to the merits.   For instance "fraud" gives jurisdiction to the place where committed, but fraud may be the gist of the action, and the verdict for either party will be conclusive of both issues.

We are of opinion that there was no error in overruling the exceptions to the plea in abatement.   There were no special causes of exception assigned, and it does not appear that the attention of the Court was directed to the fact that the plea only denied the domicil of defendant as alleged in the petition, but did not deny the trespass as averred in taking away the goods.   It is questionable whether it should be considered here, not having been taken below.   The case shows abundantly, that the question of domicil was much contested, but there is no evidence as to the manner in which defendant's possession of the property was acquired, at least that such act was a breach of the peace.   But the allegations as to the trespass are not such as would give jurisdiction to the county where committed, under the seventh exception, Art. 667, which is in effect, that where a crime or offence has been committed, for which a civil action in damages may be commenced, suit may be instituted in the county where the offence or crime was committed or in the county of the defendant's domicil.   Under an exception nearly similar in the Act of 1836, establishing the jurisdiction, &c., of the District Court, Sec. 5, it was held in Illies v. Knight, 3 Tex. R. 315, that the acts complained of must amount to a crime, to come with the exception, and that a trespass *de bonis asportatis* without a breach of the peace, was not crime in legal contemplation or punishable as such in law.   This point has not been elaborated in argument, there

being no brief for appellee, and will be left without further comment.

The second assignment has been disposed of in the first part of this Opinion, and we will notice the alleged error in requiring the plaintiff to go into the whole proof on the matters in abatement and on the merits, thus forcing him, in effect, to negative the matters set up in abatement, whereas the affirmative of the issue in abatement was upon the defendant. The petition stated the defendant to be a resident of Lavaca county. This gave jurisdiction to the Court in that county. The plea averred residence of the defendant in Harris county. The presumption from the petition was that the Court had jurisdiction. This presumption could be rebutted by allegation and proof, and the defendant having alleged a sufficient cause to impeach the jurisdiction, was, it is believed, under the rules of evidence, bound to prove it. We have been referred to no previous decision of this Court on the subject, nor in fact to any other authority ; but there seems to be much reason in holding that the burthen of proof must be on the defendant, who alleges facts which negative the jurisdiction.

We believe there was error also in refusing to admit the paper signed by the defendant, as an admission of the fact by defendant, as to his residence. His signature was proven, and an admission in a paper of such solemnity and importance should have some weight, certainly more than if made in loose and idle conversation.

We believe the non-suit should have been set aside, and a new trial granted. Judgment reversed and cause remanded.

Reversed and remanded.