Anderson v. Chandler.

·JOSEPH S. ANDERSON AND OTHERS V. WILLIAM A. CHANDLER.

The failure of the plaintiff to join one of two or more joint obligors as a defendant, cannot be taken advantage of on error, although judgment went by default, and the fact that there was such other joint obligor is apparent on the face of the petition; such omission can only be taken advantage of ,by plea in abatement, unless it also appear on the face of the petition, not by presumption of continuance of life merely, but in fact, that such other joint obligor is living.

Error from Wharton. Tried below before the Hon. Nelson H. Munger.

The facts are stated in the Opinion.

*G. Quinan,* for plaintiff in error, cited Coll. on Part. 712, 717. 718. The presumption is that the joint maker who is not sued, is still living.

HEMPHILL, CH. J. The plaintiff below, (who is defendant in error in this Court,) brought suit against the defendants below, (plaintiffs in error,) on a joint promissory note, executed by the defendants and one J. W. Lann, who was not named as defendant, and against whom there was no judgment. The other makers of the note having failed to appear, judgment was entered against them by default, and they say there was error in not making Lann a party and not rendering judgment against him, or showing some reason why the same was not done.

The general rule is, that all joint obligors or contractors should be made defendants ; (1 Saunders, 291 b (n. 4 ;) Collyer on Partnership, Sec. 712 ; 1 Chitty's Pleadings, 42 ;) " and the plaintiff may be compelled to join them all, if advantage be

taken of the omission in due time and by proper plea." (1 Saunders, (*in loco citato.*)

It seems to be now settled, that in all cases of a joint obligation or deed, or a joint contract in writing, or by parol or *ex quasi contractu*, if one only be sued, he must plead the matter in abatement, and cannot take advantage of it afterwards upon any other plea, or in arrest of judgment, or give it in evidence. If it appear on the face of the declaration, or any other pleading of the plaintiff, that another jointly sealed the bond with the defendant, and that both are still living, as is supposed to have been the case in Horner v. Moor, cited in 5 Burr. 2614, if both these facts be admitted by the plaintiff, the Court will arrest the judgment because the plaintiff himself shows that another ought to be joined, and it would be absurd to compel the defendant to plead the facts which are already admitted. (1 Saunders, 291 b in note.) The necessity of pleading the non-joinder of defendants in abatement, seems to have been uniformly ruled in case of joint bonds and deeds, from the 28th Henry VI. With respect to joint contracts, either in writing or by parol, a different rule formerly obtained, on the ground of a supposed variance between the contract laid and that which was proved. But in Rice v. Shute, 5 Burr. 2614, it was adjudged that if an action be brought against one partner on a partnership account, the defendant must plead the partnership in abatement, and cannot give it in evidence; and this rule was extended not only to parol, but also to written contracts with partners, in which the parties who may be sued appear on the face of the paper, and are therefore known to the plaintiff. In such case the non-joinder of defendants, it was ruled, could only be pleaded in abatement, and in default of such plea the joint contract may be given in evidence of the separate contract sued on. (1 Saunders, R. 291 b in notes; Coll. on Partnership, Sec. 714, 715.) In Dixon v. Bowman, the action was against two defendants on a promissory note made by them jointly and severally. In evidence it appeared that a third

person also signed the note. This was held no variance, but that the contract proved was the same as that laid. ( 1 Saunders, 291 d.)

In case of defendants, it is said in 1 Chit. Pl. 42, if one of the parties originally bound be dead, it is not necessary to notice him in the declaration, and the survivors need not be declared against as such, but may be sued as if they were the parties primarily liable. And this rule is sanctioned in 15th Wendell, 318, and in 1 Johns. cases, 465, though it is said it would be more formal to notice in the declaration, the decease of the joint debtor.

It appears on the face of the petition in the case before us, that there was a joint maker of the note, who is not made a defendant ; nor is it stated whether he be dead or still living; and the only question is, whether the non-joinder should have been pleaded in abatement, or whether it may be now taken advantage of in error.

In Horner v. Moor, cited 5 Burr. 2614, the rule seems to be, that the non-joinder of defendants could only be taken advantage of by plea in abatement, except where it is shown in the petition that the parties omitted are living, and that they sealed the bond, and as the abateable matter then appears on the face of the petition, it is not necessary that it should be pleaded in abatement.

Collyer in his Treatise on Partnership, Sec. 718, states that a contrary opinion has been maintained in argument, on the ground that where it appears by the plaintiff's own showing that there is a co-obligor not sued, the presumption is that he is still alive, unless the plaintiff rebut the presumption which he himself has raised, by showing that he is dead, and it has been contended that as to this point the case of Horner v. Moor must be a mistake, for that the fact of the co-obligor being alive could not appear on the declaration.

. There appears to be much force in the observation, that the fact of the co-obligor being alive would not appear on the face

of the petition. No reason can be imagined why the plaintiff should aver such fact, and there is no probability that he would make such averment.

But though it appear that there is much reason in the proposition that where the plaintiff shows that there is a co-obligor who is not sued, and gives no reason why he is not made a party, advantage might be taken of the omission, in arrest of judgment or in error, yet it seems that this has not been held in any case to which we have been referred, unless the further fact should appear on the petition, that the joint obligor was still alive. This would probably, as we have said, but very seldom appear in the petition ; and the defence would be seldom available in arrest of judgment or error. But the defendants are not without remedy, as the non-joinder may be pleaded in abatement. The remarks of Lord Mansfield in Rice v. Shute, 5 Burr. 2614, are very appropriate in cases of this character, viz : defendants ought not to be permitted to lie by and put plaintiffs to the delay and expense of a trial, and then set up a plea not founded upon the merits of the case, but upon the form of the proceeding.

The parties appealing were all cited. They were apprised of the non-joinder of Lann, and they might have pleaded in abatement, if in fact there was no ground why he should have been omitted.

There is no error and the judgment is affirmed.

Judgment affirmed.