HOWETH BROS. v. J. L. CLARK.

(No. 7213.)

APPEAL from Cooke County. Opinion by SIMKINS, J.

MARTIN & LEWIS, counsel for appellants.

No counsel appeared for appellee.

§ 314. *Continuance does not operate as a waiver of a plea in abatement, when.* Howeth Bros. sued Clark on balance of account in precinct 3, justice court, Cooke county. Defendant filed a plea in abatement, setting up his residence in precinct 1, and no other defense. The justice sustained the plea, and dismissed the suit, and plaintiffs appealed. In the county court defendant amended his plea in abatement, but on motion the court dismissed the case on the ground that no final judgment had been entered in the justice court. Plaintiffs appealed to this court, and the judgment of the county court was reversed and remanded. The mandate being sent down during the term of the county court, this case was continued by counsel. When called for trial at the succeeding term, plaintiffs objected to a consideration of the plea in abatement on the ground that a continuance by consent waived and abandoned the plea, which objection was overruled by the court. The appellants then demanded a jury. The court denied the jury, tried the cause himself, and rendered judgment sustaining the plea and dismissing the suit. From this judgment appellants again prosecute their appeal to this court, and assign as error the overruling of their objection to the plea in abatement and the refusal of the court to allow them a jury. The court did not err in overruling appellants' objection to the plea in abatement. This plea was the only defense filed in the cause: there was none to the merits. It was filed at the proper time in the justice

court, and there sustained. It was amended in the county court, and, when the cause was continued by counsel, it was for the purpose of trying this issue, and none other; and to hold that defendant, by agreeing to try his cause at a later term, lost the right to try at all, is carrying the rule of practice to an extent unauthorized by any decision of this court or the supreme court.

§ 315. *Plea in abatement; should be submitted to jury when*. But the court erred in refusing appellants' demand for a jury. The appellants demanded a jury at the proper time, and paid the jury fee. The plea in abatement was the sole defense, and was purely an issue of fact, and the very circumstances of this case should have led the trial judge himself to insist on the impaneling of a jury to try the cause. While there has been some question as to the practice of submitting pleas in abatement and pleas upon the merits together to a jury, it has never been held that a defendant could not have a jury to pass upon his plea of abatement. For this error the judgment is reversed and remanded. [Robertson v. Ephraim, 18 Tex. 118.]

May 11, 1892.                    Reversed and remanded.