## S. H. CALDWELL v. L. A. L. LAMKIN ET AL.

### No. 1386.

**1.  Amendment—Plea in Abatement.**

A defect in a plea in abatement may be cured by amendment upon leave of the court, as any other defective plea, though defendant, not waiving his plea in. abatement, has already answered to the merits and though his first plea in abatement has been stricken out on motion.

**2.  Attachment Bond—Amendment.**

In the absence of statutory authority a new attachment bond cannot be substituted for one defective, though the original was in proper form and amount, and defective only in that the sureties were not residents of the state.

**3.  Attachment—Abatement of Bond.**

An attachment bond regular on its face can be quashed on plea in abatement for defects de hors the record.

**4.  Same.**

On plea in abatement of attachment the fact that sureties on the bond were. residents of another state sufficiently appears when it is admitted by plaintiff's. pleadings and shown by affidavit of the clerk of court in the state of their residence as to their solvency. Affidavits are, it seems, admissible on the trial of such. issue.

**5.  Attachment Bond—Non-Resident Sureties.**

It is not the policy of this state to require its citizens to go out of our own. jurisdiction to recover damages against sureties on attachment bonds. Non-residents are not good and sufficient sureties such as the statute requires; and an attachment issued on a bond signed by non-resident sureties will be abated on proper plea.

APPEAL from Caldwell, tried below before Hon. H. TEICHMUELLER.

This suit was commenced by Caldwell, the appellant, in the District. Court of Caldwell County to recover of Lamkin the amount of a promissory note. An attachment was sued out and levied on certain lands in that county as the property of defendant. Johnston and Flournoy, who claimed to own the land levied on through conveyances from Lamkin made after the levy of this attachment, but in satisfaction of mortgages. executed long before, were made parties defendant. They claimed rights. in the land superior to the attachment lien and evidence on this issue was heard on the trial. The case as to the land having been disposed of in the trial court by quashing the attachment, this ruling was sustained by this court in the opinion following. The court, however, after so disposing of the case made separate findings fully settling the facts relating to the claim of Johnston and Flournoy, in order that the Supreme Court, in case a writ of error were obtained might dispose of the whole case.

These findings as well as the briefs of counsel upon this branch of the case are omitted as unnecessary to an understanding of the opinion.

*McNeal, Harwood & Walsh* and *L. J. & A. B. Story,* for appellees.—1. A party has a right by permission of the court to file an amended plea in abatement. Ritter v. Hamilton, 4 Texas, 325; 4 Willson's C. C. sec. 314.

2. The plea is not waived by filing other pleas at same time. Haygood v. Dial, 43 Texas, 627.

3. An attachment bond cannot be amended in substance and new bond cannot be filed without invalidating the attachment proceedings already begun. Lumber Co. v. Warren & Son, 78 Texas, 318; White & Willson Civil Cases secs. 1104, 575 and authorities; Drake on Attachments, sec. 115.

4. The object of a bond in attachment is to protect the defendant against any damages he may sustain, and such bond is required as will indemnify defendant and the sureties must be residents of the state in order that defendant may have an execution against the sureties if he should recover. Non-residents do not furnish the security contemplated by law, even though they submit to the jurisdiction of the court. Any judgment rendered against the sureties cannot be enforced outside of this state except by obtaining another judgment. While our attachment statute is silent about requiring sureties to be residents of this state, the general policy of the law and the protection of the defendant requires it, and the only way to reach this defect was by plea in abatement.

5. The attachment bond, if for the proper amount and requisite number of sureties and conditioned as required by law, is prima facie good which can be rebutted only by plea in abatement, and when the court tries the case and hears the sworn plea and the affidavit of the clerk of his court and the plaintiff's attorneys by motion to substitute a new bond admit the grounds set out in the plea it is not necessary for defendant to offer proof of the truth of the plea in abatement. Donnelly v. Elser, 69 Texas, 286; Nat'l Bank v. Cupp & Co., 59 Texas, 270; Messner v. Hutchins, 17 Texas, 597; Wade on Attachments, vol. 1, secs. 109, 112 and 285; Blaney v. Findley, 2 Blackf. (Ind.) 338; May v. Gamble, 14 Fla., 467.

When the facts authorizing an abatement appear on the face of an attachment bond or can be fairly inferred therefrom, evidence in support of the plea is not necessary. Davis v. Willis, 47 Texas, 162, 163; Anderson v. Chandler, 18 Texas, 436.

*S. H. Caldwell*, appellant. Pleas in abatement and other dilatory pleas must be filed and acted on before answer to merits is filed and the parties announce themselves ready for trial, and after a plea in abatement has been stricken out it is error to allow an amended plea in abatement, having the same object as the plea stricken out, to be filed and heard after an answer to the merits had been filed, and the parties announced ready for trial.

2. The bond provided for in attachment proceedings is for the purpose of protecting the defendant from loss or damages in case the attachment is wrongfully issued; and where such bond is sufficient in amount, conditioned as required by law, signed by principal and proper number of sureties and approved by the clerk of the proper court, such bond is a full compliance with the law; and in case the security afforded

by such bond is objected to or complained of by the defendant, such objections can be cured by the substitution of a new bond, tendered before plea in abatement is heard; and the right to substitute and file a new bond where the first bond is not defective in substance or form exists, even if the first bond be absolutely good, and especially so when such substitution is made for the better protection of the defendant and to meet his objections to original bond. Sloo v. Powell, Dallam 467; Shaw v. Trunsler, 30 Texas, 391; Drake on Attachments, sec. 147.

3. An attachment bond that is in due form, sufficient in amount and properly identifies the suit and parties, duly signed by the principal and requisite number of sureties, signed and properly approved by the proper authority, is prima facie a good and sufficient bond and a full compliance with the attachment laws of this State. And defects in such bond can only be reached by plea in abatement, specifically pointing out the objections to such bond, and such plea must be positive in terms and allegations, and sworn to, and the truth of such plea must be sustained by competent evidence the same as any other fact. And in the absence of such evidence it is error for the court to find in favor of such plea or to sustain same without proof; and the burden of proof is on party offering such plea. Rev. Stats. art. 159; Wright v. Smith, 19 Texas, 297; Messner v. Hutchins, 17 Texas, 597; Messner v. Lewis, 20 Texas, 221; Hill v. Cunningham, 25 Texas, 26; City National Bank v. Cupp, 59 Texas, 268.

4. An attachment bond, good on its face, is prima facie a good bond, and no objections can be raised to such bond by motion to quash or otherwise, in the absence of express statutory authority. Rev. Stats. arts. 156, 157; Blaney v. Findley, 2 Blackf. (Ind.) 338; Am. and Eng. Encycl. of Law, vol. 1, pp. 905-6-7, sec. 5; Drake on Attachments, sec. 145.

5. An attachment bond in due form and sufficient in amount and number of sureties, is a full compliance with the attachment laws. If such bond is defective in that the sureties thereon are insolvent and not worth the money, such bond cannot be abated. The clerk in such case is the judge of the sufficiency of the bond, and if he approves the same as a good bond, when in fact it does not afford the defendant protection, the clerk is liable on his bond for such damages as the defendant through his negligence may have suffered, and such bond allowed to stand the same as if it was sufficient in every particular. See authorities under last two propositions.

6. All papers, pleadings and documents passed on by the court in the trial of a case, with reference to facts embraced therein, must be construed as they are; and no facts not specially stated in the instruments passed upon can be presented, supposed or found to be true from anything outside of such paper, and not in evidence.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought August 9, 1894, by the appellant, S. H. Caldwell, against appellee, L. A. L. Lamkin, for $3,787.30 due by note of date April 14, 1891, executed by appellee, Lamkin, to Y. Q. Caldwell and S. A. Miller as administrators of the estate of R. D. Caldwell, deceased, which note was by the administrators

of the estate, for value, transferred without recourse to appellant S. H. Caldwell, who sued as owner and holder. On the same day attachment was issued against Lamkin to Caldwell County, Texas, and was on the same day levied on two tracts of land as the property of Lamkin, and a certified copy of the attachment, and return of levy was on August 9, 1894, deposited with the county clerk of Caldwell County for record, the land levied on being situated in Caldwell County. September 4, 1894, in vacation, the plaintiff amended his petition, making W. R. Johnson and F. Flournoy parties defendant upon the alleged ground that they claimed to own the land levied on. Prayer for judgment for debt and foreclosure of attachment lien as against all the defendants. September 25, 1894, Lamkin filed an amended plea in abatement and asked the quashal of the writ of attachment upon the ground that the sureties on the bond for attachment, to-wit: A. B. Lamb and W. T. Wrather were non-residents of the State of Texas, and were resident citizens of the State of Tennessee, and had no property in this state, wherefore the bond furnishes no security to defendant and is not the bond required by law. But on October 19, 1894, defendant Lamkin, by leave of the court, amended this plea setting up the same facts and further showing how the clerk of the state court came to approve the bond. This plea was sworn to. On the same day that the first amended plea in abatement was filed, defendant Lamkin filed a general denial, expressly premising that it was done not waiving his plea in abatement. Defendants Johnson and Flournoy answered, each claiming one of the tracts of land levied on and resisting the foreclosure of the attachment lien upon the grounds that they had valid debts against defendant Lamkin which had been respectively secured by mortgages on the land and deeds from Lamkin to their respective surveys of land in satisfaction of their debts and mortgages. It is unnecessary, as we think, to further state the particulars of their pleas as, according to our views of the case, plaintiff was not entitled to a foreclosure of the attachment, because the attachment itself was properly quashed. On September 28, 1894, plaintiff filed a motion to substitute the attachment bond, tendering the bond with good sureties resident in the State of Texas. September 29, 1894, plaintiff filed a reply to the answer of Johnson and Flournoy which we deem it unnecessary to notice in detail.

On the same day that defendant Lamkin filed his amended plea in abatement October 19, 1894, plaintiff filed a motion to strike it out upon the ground that it was filed after a plea to the merits, that there was no law requiring sureties on attachment bonds to be residents of the State, that the bond first filed was sufficient, being in form and approved by the clerk of the court constituting a full compliance with the statute.

. On October 19, 1894, the case was tried by the court without a jury, when the court overruled plaintiff's motion to substitute attachment bond and the motion to strike out defendant Lamkin's amended plea in abatement, sustained the plea, abated the bond, quashed the attachment and rendered judgment for the plaintiff for the amount of his debt against

Lamkin for $3,787.30 and 6 per cent interest per annum from April 18, 1891, and against the plaintiff and in favor of defendants Johnson and Flournoy, the plaintiff taking nothing against them and that they recover their costs of plaintiff.

Plaintiff has appealed.

*Opinion.*—The first error assigned is "that the court erred in allowing defendant Lamkin to amend his plea in abatement and file a second amended plea, after motion to strike out his first amended plea had been sustained by the court and after he had answered to the merits; because the amendment was not authorized by law and came too late after answer to the merits, and because having amended the plea once and going to trial thereon and it having been stricken out on motion of the plaintiff, no further plea on that subject could have been legally made. The original and first amended pleas in abatement are not in the record. It seems, however, that the original plea was filed before Lamkin's original answer, as the answer commences: "Come defendant Lamkin, and not waiving his plea in abatement denies," etc. The order acting on the motion of plaintiff to strike out the second amended plea is in the first part of the final judgment as follows:

"On this October 19, 1894, this cause being regularly called for trial the parties plaintiff and defendant announced ready for trial on the law in the preliminary questions. The defendant, L. A. L. Lampkin, having by leave of the court filed his second amended plea in abatement to abate the attachment bond in this cause for reasons set out in said plea, the plaintiff moved the court to strike out said plea for reasons stated in said motion, which motion was by the court heard and overruled, to which action of the court plaintiff at the time in open court excepted. The plaintiff then in open court tendered a new attachment bond, signed by plaintiff and James G. Burleson, A. R. Chew and Eugene Clark as sureties, by motion asked leave of the court to substitute said new bond for and in lieu of the first and original attachment bond filed in this court, for the reasons set out in said motion to substitute, which said motion was by the court overruled, to which action of the court the plaintiff at the time in open court excepted; then came L. A. L. Lamkin and presented his second amended plea in abatement asking the court to abate the attachment bond filed in this cause, and quash plaintiff's writ of attachment and the affidavit of B. T. Palmer therewith filed, for reasons set out in said plea, which plea was by the court sustained, said bond abated and the plaintiff's attachment quashed, to which actions and rulings of the court the plaintiff at the time in open court excepted: 1st. Because said bond being sufficient in amount and conditioned as required by law and signed by a sufficient number of sureties and approved by the proper officer, said bond was a full and complete compliance with the attachment laws of this State, and there was no statutory authority for going behind and questioning the validity of an attachment bond, when said bond was prima facie good on its face. 2nd. Because said bond being prima

facic good, evidence was necessary to overcome its validity, and no evidence was offered by defendant in support of said plea in abatement: whereupon both parties, plaintiff and defendant announced ready for trial on the merits of the case a jury being waived," etc.

The motion to strike out the second amended plea in abatement, among other reasons for the ruling asked, set up that it was filed after answer to the merits and after issue joined. It does not appear as stated in the assignment of error that the second amended plea was filed after his first amendment had been stricken out on motion of plaintiff. It does not appear but that it was filed by leave of the court. The preceding pleas upon the same subject are not before us and it does not appear that they were not amendable. The original evidently preceded the answer to the merits as the answer referred to it as not waived. Howeth Bros. v. Clark, 4 Willson's C. C., sec. 314. A defect in a plea in abatement may be cured by amendment upon leave of the court, as any other defective plea. It may be done in the county court on appeal. If plaintiff is correct that the first amended plea was stricken out on his motion, it was not error to allow defendant to amend the plea, the rule being that when demurrer is sustained to a plea in abatement the defendant may plead over. Ritter v. Hamilton, 4 Texas, 326; McDonald v. Tinnon, 20 Texas, 245; Ann Berta Lodge v. Leverton, 42 Texas, 18; Rev. Stats., art. 1192. The amended pleading objected to was duly sworn to. There was no error in refusing to strike it out.

2. It is next insisted by plaintiff that the court erred in refusing to allow him to substitute the new bond in attachment for the original; because the first bond was valid in form and substance, sufficient in amount, conditioned as required by law and approved by the clerk of the court, and was a full compliance with the statute of attachments, and on the objection by defendant by his plea in abatement that the sureties were non-residents of the state, it was the proper practice to allow the filing of a new bond curing and meeting the objection, and this even if the first bond was not in fact good, and especially when the defect in the bond did not appear on the face of the bond questioned. The bond objected to was in form, for the proper amount had two sureties and was approved by the clerk of the court.

In the absence of statutory authority the old bond could not be substituted by a new one, especially as the defect in the original bond existed at the time the attachment was issued. 1 Am. & Eng. Encycl. Law 905, 906, 907 and 908. Drake on Attach. 146; Waples on Attach. 124, 125 and 127; Whitley v. Jackson, 1 White & Willson's C. C., sec. 575; Winn v. Sloan, 1 White & Willson's C. C., sec. 1104. "The plaintiff must lie on the bed he has made. He cannot substitute one surety for another as a matter of right, nor can the court confer such right when the bond was worthless ab initio by reason of the insolvency of the surety, unless such power is given by statute." Waples on Attach., 125. There is no provision of the statute of this State allowing the emendation of at-

tachment bonds.   If there was a defect in the bond in this case it was
incurable by amendment.

3.   The next assignment of error urged by appellant is to the effect
that the court below erred in sustaining defendant Lamkin's second
amended plea in abatement because it was not supported by any evidence,
nor was any proof offered in support of the same; that the affidavit of
B. T. Palmer, district clerk, attached to the plea was not evidence, and
could not have been considered by the court, it being a rule of practice
that all pleas in abatement, where the matters relied on are not of record,
must be supported by legal evidence; and the bond for attachment being
for sufficient amount, conditioned as the law directs, signed by a sufficient
number of sureties, was prima facie a good bond, and could only be abated
upon full and competent proof that while good on its face it was in fact
insufficient; and because the bond being prima facie good in the absence
of express statutory authority its validity could not be questioned, and
there is no authority in this State providing for abatement of attachment
bonds that are prima facie good.

We think a plea in abatement is permitted in this state to show the
insufficiency of an attachment bond when it appears to be prima facie
good.   Donnelly v. Elser, 69 Texas, 286; Nat'l Bank v. Cupp & Co., 59
Texas, 270; Messner v. Hutchins, 17 Texas, 597;  1 Wade on Attach.,
secs. 109-112 and 258;  Davis v. Willis, 47 Texas, 155;  Anderson v. Chan-
dler, 18 Texas, 436.

"The principal methods in use for dissolving an attachment on grounds
de hors the record are the motion or rule to dissolve and the plea in
abatement.   Waples on Attachments, 427.   We have no doubt but there
may be grounds to dissolve an attachment in this state when all the
proceedings are in form and regular and that the proper method of rais-
ing the question is by plea in abatement.

4.   The court was not without proof that the ground of non-residence
of the sureties was true.   The bond was in form and for a proper amount.
It was signed by the plaintiff and A. B. Lamb and W. T. Wrather as
sureties.   It was approved by the clerk of the District Court who issued
the writ but under the following circumstances:   The clerk of the county
court of Henry County, State of Tennessee, certified that he was per-
sonally acquainted with S. H. Caldwell and A. B. Lamb and W. T.
Wrather, and that each of the sureties were good and solvent and well
worth more than the amount of the bond over all liabilities and ex-
emptions, and that if the same were tendered to him he would accept
and approve the same.   This certificate was made in Henry County, Ten-
nessee.   Before the court sustained the plea in abatement, the plaintiff
had filed exceptions to the same and a motion to substitute a new bond,
in which motion it is stated:   "Plaintiff says 'tis true said sureties, Lamb
and Wrather, are residents of the State of Tennessee, but as to their hav-
ing property in the State of Texas plaintiff is unable to state," etc.
Attached to the plea in abatement was the affidavit of B. T. Palmer,
clerk of the court, who approved the bond and issued the attachment. in

effect that he approved the bond mainly on the ground that- the sureties
were solvent as shown by the certificate of the clerk of the County Court
of Henry County, Tennessee, and on the statement of plaintiff's attorneys
that they believed the surety, A. B. Lamb, one of the sureties on said
bond, had property in Texas, and that affiant had no definite knowledge
that said sureties had any property in Texas. We think affidavits may
be read in support of a plea in abatement to the sufficiency of the bond.
Waples on Attach., 430 to 434, inclusive. But besides the affidavit of
the district clerk it was admitted by plaintiff in his motion to substitute
the bond that the fact of non-residence of the sureties was true. We
think the fact alone admitted to be true was sufficient to authorize the
court to sustain the plea. The sureties were non-residents of the State,
and it would be immaterial whether they had ·property in this State or
not, as in a suit against them for damages for the wrongful suing out of
the attachment their property could not be attached so as to give juris-
diction to the action, because it would be an unliquidated demand that
would not support attachment.

5. We agree with the court below that it is and should be the policy
of this State not to require its citizens to go out of our own jurisdiction
to recover damages against sureties on attachment bonds, and conse-
quently that non-resident persons are not the persons mentioned in the
statute as "good and sufficient sureties" required in an attachment bond.
They had as well be insolvent as non-residents of the State, so far as a
suit in this State could be available. against them. Our statute was in-
tended to meet the requirements of our own jurisdiction and to provide:
for it, not for courts in other states, nor to compel our citizens to go out.
of the State to sue for damages on an attachment bond. That the in-
solvency of sureties on attachment bond is good ground for abating it
and dissolving the attachment, see Waples on Attach., 124 to 126, 426
and 427. The right to question the validity of the bond by plea in
abatement exists independent of statute, Id. 427. Suppose the clerk in
an attachment suit should approve a bond that had been forged, would
it be said that there must be a provision of the statute authorizing it,
before the creditor could show the fact under a proper plea? The bond
may appear to be good, and in all respects in form conformable to the
statute, yet, if from extrinsic facts it be made to appear that it furnishes
no security to the debtor for wrongfully taking his property, unques-
tionably such facts may be shown, and the proper method of laying a
predicate for the proof would be by plea in abatement. It may be ·said
that defendant Lamkin had the right to plead in reconvention or cross
suit for damages for wrongfully suing out the writ, and that therefore
the sureties on the bond would be in court for such purpose, and the
court could render personal judgment against them for such damages.
This is not, however, the only right of the defendant. He has the right
to bring an action on the bond for the wrongful issuance of the writ,
and this he could not do if the sureties were not residents of the State
as he could not attach their property if they had any in the State on such

a suit. We therefore conclude that if the burden of proof was on the defendant Lamkin on his plea in abatement, the admission of plaintiff that the sureties on the attachment bond were residents of Tennessee was sufficient to sustain the plea, without showing that they had no property within the State. And we also conclude that such fact of non-residence rendered the bond insufficient as security for the writ. These being our conclusions, it becomes unnecessary for us to proceed further upon the other issues found by the trial court in favor of defendants Johnson and Flournoy, that their claim of ownership to the property levied on was superior to the claim of plaintiff under the attachment. When the attachment was dissolved because of the insufficiency of the bond, all rights under the writ failed and the court could not do more than it did do to render judgment for the plaintiff for his debt and re-fuse to foreclose the attachment lien. We therefore conclude that the judgment of the lower court should be affirmed and it is so ordered.

*Affirmed.*

Delivered December 18, 1895.

