## HILL & SENTER v. WICKLIFFE.
### (No. 2444.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 3, 1921.)

**Justices of the peace ⊛174(5)—Plea of privilege amended on appeal to county court.**

A plea of privilege may be amended in the county court on appeal from the justice court, and such right is not affected by the fact that no exceptions were taken to rulings in the justice court.

Appeal from Smith County Court; D. R. Pendleton, Judge.

Action by Hill & Senter against R. L. Wickliffe and another in justice's court. From a judgment against defendant named, he appealed to the county court, where his plea of privilege was sustained, and plaintiffs appeal. Affirmed.

W. H. Hanson and David Wuntch, both of Tyler, for appellants.

N. A. Gentry and Bulloch, Ramey & Storey, all of Tyler, for appellee.

HODGES, J. The appellants filed this suit against R. L. Wickliffe, the appellee, in the justice court of precinct No. 1 of Smith county. It sought a recovery for the value of certain goods sold and shipped to Wickliffe. The American Express Company was also made a party defendant, upon the ground that it had by negligent handling damaged those goods in transit; and a recovery was sought against it for the amount of that damage. In the trial in the justice court the express company pleaded a misjoinder of causes of action. Wickliffe pleaded a plea of privilege to be sued in the county of his residence. Both pleas were overruled, and a trial resulted in a judgment in favor of the express company and against Wickliffe. The latter appealed to the county court, and there amended his plea of privilege, which was originally defective in failing to correctly state the article of one of the statutes which it undertook to negative. The county court sustained the plea of privilege, and from that judgment appellants have appealed.

Practically the only question involved is: Could the plea of privilege be amended on appeal in the county court? Our courts have held that it can be done. Caldwell v. Lamkin, 12 Tex. Civ. App. 29, 33 S. W. 316; Howeth v. Clark, 4 Willson, Civ. Cas. Ct. App. § 314, 19 S. W. 433; Weekes v. Sunset Brick & Tile Co., 22 Tex. Civ. App. 556, 56 S. W. 247. The fact that no exceptions were taken to the rulings in the justice court did not affect the right to thereafter amend in the county court, where the trial was de novo. None was required.

The judgment is affirmed.