**Myrtle B. KIRBY et al., Appellant,**

v.

**The TRAVELERS INSURANCE CO.,**
**Appellee.**

No. 6628.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 12, 1963.

Rehearing Denied Oct. 9, 1963.

Sample & Walker, Beaumont, Houston Thompson, Silsbee, for appellant.

Strong, Pipkin, Strong & Nelson, Beaumont, for appellee.

STEPHENSON, Justice.

This was a suit brought for death benefits under the Workmen's Compensation Law. Defendant filed a Plea in Abatement, denominated a motion to dismiss, on the ground that suit was not filed within 20 days after the notice of intention to appeal was given to the Industrial Accident Board.

Plaintiffs had paid a jury fee and had requested that this case be placed upon the jury docket. Counsel for plaintiff made the following statement to the court, preceding a hearing upon defendant's motion:

"BY MR. SAMPLE: Your Honor, before we go into this—I took this to be an opening statement—before we go into it, I'd like to point out and the only reason I'm doing this is I don't want somebody like Mr. Pate to later say I waived some rights. I'd like to point out that we have asked for a jury in the case and we feel like that if this thing is not established in our favor as a matter of law this morning, that there is an issue of fact on it and I want the Court to know we are not waiving our jury trial in the cause.

"BY THE COURT: The Court so understands."

The court proceeded to hear evidence on this motion, and at the conclusion entered an order dismissing this case. The first question to be determined is whether or

not the court erred in denying plaintiff a trial by jury upon an issue of fact as to whether this case was filed within 20 days from the date of the notice of intention to appeal

Rule 174(b) of Texas Rules of Civil Procedure provides as follows:

"(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

This court was authorized to hear separately the issue raised by defendant's motion to dismiss. See Mueller v. Banks, Tex.Civ.App., 317 S.W.2d 812, a part of which reads as follows:

"The record affirmatively shows that the parties appeared and announced ready for hearing on said motion, and that appellant made no objection to such procedure. The parties knew what issue was being tried and participated in the hearing; they willingly submitted a separate issue of fact to the trial judge for his decision prior to the trial of the cause on its merits. We think the nomenclature is of slight importance. Whatever may have been the name given to the proceedings, the parties in fact tried an issue as provided in Rule 174(b), Texas Rules of Civil Procedure, and that procedure was correct. Hernandez v. Light Publishing Co., Tex.Civ.App., 245 S.W.2d 553; Meridith v. Massie, Tex.Civ.App., 173 S.W.2d 799."

The uncertainty arises upon the question as to whether plaintiffs could have this matter heard before a jury. We have concluded that plaintiffs were entitled to a trial by jury on factual issues.

In Ball v. Beaty, Tex.Civ.App., 223 S.W. 552, it is said:

"Appellee, by cross-assignment, complains of the failure of the court to allow him a jury trial on the issue as to the value of the property. This was erroneous, for issues of fact arising upon pleas to the jurisdiction, pleas of privilege, and pleas in abatement should be submitted to the jury when a jury has been impaneled in the case."

Also in Howeth v. Clark, Tex.Civ.App., 19 S.W. 433, it is said:

"But the court erred in refusing appellants' demand for a jury. The appellants demanded a jury at the proper time, and paid the jury fee. The plea in abatement was the sole defense, and was purely an issue of fact, and the very circumstances of this case should have led the trial judge himself to insist on the impaneling of a jury to try the cause. While there has been some question as to the practice of submitting pleas in abatement and pleas upon the merits together to a jury, it has never been held that a defendant could not have a jury to pass upon his plea of abatement. For this error the judgment is reversed and remanded. Robertson v. Ephraim, 18 Tex. 118."

The next point to be determined is whether or not the evidence in this case raised an issue of fact upon the plea for a jury to determine. The law is well settled that filing the suit within the 20 day period is jurisdictional. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084. Plaintiffs recognize this to be the law but contend their petition was filed within the prescribed period of time.

Defendant relies upon the file mark on plaintiffs' petition and the testimony of the District Clerk that the records of his office show the petition was filed April 24th, which was the 21st day.

Plaintiffs rely upon the testimony of Mrs. Arnold, the postmaster at Hemphill, which was the county seat of Sabine County, to the following effect: A letter mailed in

Silsbee one day would be received in Hemphill the next day. A parcel of mail, mailed in Silsbee at 7:00 p. m. April 20th' would arrive in Hemphill on or about April 23rd. That Edding, the District Clerk, had a post office box and a letter received would be placed in his box. She was asked on cross examination if mail wouldn't sometimes get laid aside and overlooked for a day before being placed in a person's box, to which she replied, not in her office. She didn't think that ever happened.

Plaintiff also relied upon the testimony of Houston Thompson, who was one of the attorneys representing plaintiff, to the effect: He mailed the petition in Silsbee Friday, April 20th, before 5:00 p. m. That never before had it taken a parcel of mail from Friday until Tuesday to go from Silsbee to Hemphill, or from Hemphill to Silsbee. He identified the envelope which was admitted in evidence, which he found among the papers in the office of the District Clerk in which he had transmitted plaintiff's petition. This envelope was addressed to "District Clerk of Sabine County, Hemphill, Texas." No question was raised about the envelope being improperly addressed or having too little postage.

Plaintiffs also rely upon the testimony of Blake Eddings, the District Clerk of Sabine County, who testified to the following: He was the District Clerk, and had no deputy. He also identified the envelope as containing the plaintiffs' petition, a letter of transmittal and a check for cost deposit in a sufficient amount. That he had no personal recollection as to the date that he took the envelope from his post office box. That during such time he was engaged in a political campaign which took practically 100% of his time and his office would not have been the place to find him. That he had no way of knowing where he was April 21, 22 or 23rd. His records showed no new lawsuit filed April 21, 22 or 23rd. He did not recall whether he got his mail every day during that time. That even during the hot campaign he went by the post office frequently. That his policy was to file

papers the day he received them from the post office, but he did not know whether there were exceptions to that rule. He had no personal recollection as to whether he went by the post office April 21, 22 or 23rd. He was asked this question:

"Q. But as I understand your testimony earlier, it is a fact is it not. that you cannot state to us here this morning, you cannot state to us definitely that you didn't receive this petition prior to April 24th?

"A. That is correct."

That his records reflected this suit was filed April 24, 1962.

 This petition was filed when it came into the hands of the District Clerk. In Sun Lumber Co. v. Huttig Sash & Door Co., Tex.Civ.App., 36 S.W.2d 561, it is said:

"An instrument is deemed in law filed at the time it is placed in the hands of the officer authorized by law to file same and left in his keeping, regardless of whether a file mark is placed on such instrument or not, and regardless of whether the file mark gives some other date of filing." and cases cited.

There was nothing conclusive about the file mark. It was nothing more than evidence of the date of filing. The evidence in this case raised a question of fact for the jury to determine. This is supported by Texas Indemnity Ins. Co. v. Williamson, Tex.Civ.App., 109 S.W.2d 322:

"Appellant further insists that the trial court erred in undertaking to hear and determine the cause, claiming that the suit was not shown to have been instituted within the 20-day period precribed by law. The file mark upon the original petition bore a date more than 20 days subsequent to the date that the appellee gave notice to the Industrial Accident Board of his intention to appeal; but his counsel testified as to the date upon which he mailed said

petition to the district clerk at Rankin, Upton county, Texas, and there was testimony that it was mailed in ample time to reach the clerk within the 20-day period. There is also testimony to the effect that not all papers have the file mark placed upon them upon the day they are received. There was a question for the jury."

The case is reversed and remanded.