**COCKE et al. v. SOUTHLAND LIFE INS. CO.**

No. 3038.

Court of Civil Appeals of Texas. El Paso.
Oct. 4, 1934.

Rehearing Denied Oct. 25, 1934.

Emmett B. Cocke, of San Antonio, for appellants.

Seay, Malone & Lipscomb, of Dallas, for appellee.

WALTHALL, Justice.

On January 26, 1933, in the district court of Dallas county, Tex., a final judgment by default was entered in favor of appellee, Southland Life Insurance Company, against appellant Emmett B. Cocke, Bessie H. Cocke, Brooks Hardware Company, a corporation, and Hidalgo Water Control and Improvement District No. 1, a municipal corporation. The judgment entered, based upon an instructed jury verdict on the merits, was for the sum of $35,798.33, against appellant Emmett B. Cocke, with interest from the date of the judgment, and foreclosing a deed of trust lien as to all appellants on 320 acres of land in Hidalgo county fully described in the judgment, given to secure said indebtedness, and the foreclosure as to all appellants of a chattel mortgage or collateral pledge lien against Certificate No. T. C. D–12, the certificate fully evidencing the interest of the parties and the facts about which it was issued, and for the purpose of putting into effect the foreclosures of said liens, the judgment recites:

"It further appearing to the Court that said trustee's certificate, above described, was pledged by said defendant, Emmett B. Cocke, to the plaintiff herein on or about January 4, 1932:

"It is, therefore, Ordered, Adjudged and Decreed by the Court that said chattel mortgage or pledge lien against said certificate, as it existed on January 4, 1932, be and the same is hereby foreclosed as against all defendants.

"For the purpose of putting into effect the foreclosure of said liens, above decreed, and each of them, the Receiver, Thomas F. Rives, who has heretofore been appointed Receiver of said real estate, above described, and who has qualified in such capacity and who is now acting in such capacity, is hereby directed, after the expiration of thirty days from the date of this judgment, or within thirty days from the date of overruling any action for new trial which may be filed herein, to proceed to sell said realty and said certificate at public auction at the door of the County Court House of Hidalgo County, Texas, to the highest bidder for cash. Before holding such sale, said trustee shall advertise same by having notice thereof published in the English language once a week for three consecutive weeks preceding said sale, in some newspaper published in Hidalgo County, Texas; the first of said publications shall appear not less than twenty days immediately preceding the day of sale. Said notice shall contain a statement of the authority, by virtue of which the sale is to be made, the time and place of said sale, and it shall also contain a brief description of the realty and personalty to be sold, giving the number of acres, original survey, locality and county, and the name by which the land is most generally known. Said receiver shall also give

to all parties defendant herein, or to their attorneys of record, written notices of such sale, either in person or by mail, which notices shall substantially conform to the foregoing requirements. Said sale shall be held on the first Tuesday of the month immediately following the completion of the giving of such notices, by advertisement and of the personal notices, as aforesaid, and such sale shall be held on said day between the hours of ten o'clock in the forenoon, and four o'clock in the afternoon. At any such sale the plaintiff herein, Southland Life Insurance Company, as the judgment creditor, or any other person who owns any receivership certificates issued by said receiver, pursuant to the orders of this Court may make a bid, and, if successful, the receiver may treat as cash any credit upon said judgment, or the amount of principal and accrued interest on any such receivership certificate so offered, but at any such sale the purchaser shall be required to pay in cash all costs of suit, accrued in this cause and hereafter to accrue, and no sale of said realty shall be confirmed by this court unless the purchaser .thereof undertakes to and does pay, as a part of the consideration and of his, or its, bid, all such costs of suit.

"The foreclosure herein decreed are against all defendants and title to said realty and to said personalty which shall pass as a result of said receiver's sale, shall be senior and superior to and free and clear of all titles, rights, liens, equities and claims of said defendants, and of each of them.

"After having made said sale, or sales, as above directed, the said Thomas F. Rives, Receiver, is hereby directed to report the result of said sale, the name of the highest bidder, the amount of said bid, and all other requisite details thereof to this Court for confirmation, but no deed or other conveyance of either said realty or of said personalty shall be executed or delivered by the said Thomas F. Rives until this Court shall have confirmed the same.

"At the time of making such report of such sale, or sales, the said Thomas F. Rives, shall likewise file in this court a complete and detailed final report of his acts as receiver.

"For the execution whereof, let all necessary and expedient writs and other process as may be authorized by law issue.

"The defendants each except and in open Court give notice of appeal."

Appellants duly filed a verified motion to modify said judgment, which motion, in ef-

fect, moves the court to modify the judgment directing the receiver to sell the property as in the judgment to direct the receiver not to offer said property for sale for a period of one year, and that during said time the receiver continue the handling and preservation of said real estate, and to eliminate that portion of said judgment relative to advertising for sale the property foreclosed on, etc., and in support of said motion appellants at much length state to the court certain facts, in substance, among them: Appellee loaned the $32,000 to appellants based on the value of the land alone of $100 per acre; the young citrus trees then planted on the land and for four years thereafter were a liability and not an asset; that previous to the appointment of the receiver, appellants, at their expense, cared for the citrus grove and land at a proximate cost of $500 per acre; that except for the great financial depression during the last four ·years, appellants could and would have paid the interest on the loan; that the year 1933 is the first year in which a substantial revenue bearing crop of fruit could be grown; that practically all of the borrowed money and additional money was expended in caring for and developing the fruit grove; that the fruit grove has a present value largely in excess of the present indebtedness due and within a short time the revenue arising therefrom will liquidate said indebtedness and leave the corpus of the estate to appellants. Appellants suggest the probability that through the Federal Reconstruction Finance Corporation they may receive relief that will enable them to refinance the property involved and the property saved to them, and by reason thereof appellants pray that the judgment be so modified as not to permit the sale of any of said property at the present time, but the order of the court foreclosing the liens be continued under the supervision of the court until the 1933 fruit crop is gathered and the proceeds realized on.

The court heard the motion and the evidence in support of the motion and ordered that the motion be dismissed because not filed in time, to which defendants duly excepted.

The receiver, Thomas F. Rives, filed his verified report consisting of an itemized statement of all receipts and expenditures made by him, of $14,049.27, and leaving a balance on hand of $77.73; report a foreclosure sale of said property to appellee as the only bidder, for the sum of $40,000, as a credit on the judgment and the assumption to pay all past-due taxes, flat rates, and irrigation district

charges against said land, estimated in the report to approximate $20,000; the receiver asked that his report be received, the sale confirmed, that the court fix and allow him a fee for his services; and that he be discharged.

Appellants, in writing, excepted to the receiver's report and state their exceptions in 162 items. Appellants further object to the confirmation of the receiver's sale, because wholly inadequate and does not represent a substantial portion of the value of said property.

The parties to the suit agreed in writing: "That to the testimony of Emmett B. Cocke adduced in making the record supporting the motion or petition involving the moratorium act of the legislature, there may be added that at the time the loan was made for which the $32,000.00 note was given, the Southland Life Insurance Co. retained in its possession by agreement of both parties the sum of $2200.00 to $2300.00, with which to pay all taxes, if any legally owing on the land securing the note, that matured prior to the year 1928. It is further agreed that plaintiff's attorney would testify that credit for such sum ($2218.00) was allowed in the judgment rendered."

Appellants filed a lengthy verified motion for an order extending the time of foreclosure sale of said property under the Texas Moratorium Act. The court denied and overruled said motion, and appellants excepted.

The court took up for consideration the final report of the receiver.

Appellants filed an application in which they sought to stay or continue the hearing of said report. The court overruled the application.

The court proceeded to hear the evidence in opposition to the receiver's report and, having considered same, entered an order adopting and approving the report, and ordered that the receiver execute a proper conveyance to appellee; ordered that the receivership be terminated; made an allowance of a fee to the receiver.

Appellants filed and presented a motion to the court to correct the judgment as entered and for a new trial, both of which the court heard and overruled.

The parties agreed in writing to the following: "The plaintiff and defendants agree that the court reporter in preparing a statement of facts had on the hearing before the court July 22, 1933, shall eliminate therefrom all of the documentary or paper evidence that was introduced or in any manner offered or tendered in support of the correctness of the final report of the receiver, Thomas F. Rives,

but with the exception of such documentary evidence all the other evidence introduced on said hearing shall be incorporated in the statement of facts. But all tax statements introduced by both sides and all receiver's certificates are to be incorporated in the statement of facts. The reporter shall make reference to this agreement in preparing the statement of facts."

The court overruled appellants' motion to stay execution pending this appeal, and appellants duly prosecute this appeal.

## Opinion.

As shown by the record, final judgment on the merits of this case was entered in the trial court on January 26, 1933. This appeal does not present a complaint against the corrections of the judgment on the merits of the controversy. As we construe the record, this appeal is prosecuted from what is charged to have occurred on the hearing on the receiver's final account on July 22, 1933, and upon the receiver's report of sale of the realty involved herein.

The certificate of the official court reporter certifies that the contents of the statement of facts constitutes a full statement of the evidence adduced before the court on July 22, 1933, on the hearing of appellants' motion to stay enforcement and collection of the judgment, and on the hearing of the receiver's report of sale. The agreement of the attorneys for both parties following the reporter's certificate shows that the statement of facts contains the evidence adduced on the one hearing (July 22, 1933). The agreed statement was approved and so ordered filed as a part of the statement of facts by the trial judge; the statement shows that certain parts of the evidence had been omitted by agreement of counsel, the omitted evidence consisting of vouchers, books, canceled checks, and other documentary evidence introduced by the receiver in support of his final account. The statement continuing uses the following language: "The plaintiff, however, contends that for said statement of facts to reflect accurately the issues in this case, and in order for it to reflect all the testimony which the trial court had in mind when it made its ruling following the hearing of July 22, 1933, it will be necessary to show the evidence adduced upon a preliminary hearing held on or about October 22, 1932, which said evidence bears upon the issue as to whether or not the defendants had wasted, ill-treated or mismanaged the property involved in this litigation; that it will be further necessary to show the evidence adduced upon the trial of this cause on its

merits; that it will be necessary to show the evidence adduced upon the hearing of the defendant's first amended motion for a new trial; and that it will likewise be necessary to show the evidence adduced upon the hearing of defendant's first motion or application for a postponement of the receiver's sale; that the evidence was introduced at five separate and distinct hearings in connection with this cause and all such evidence is material to the issues raised by the defendants herein; that the foregoing statement of facts covers only the evidence adduced at the fifth or last of these hearings and does not accurately reflect all of the evidence which the trial court had had adduced before it 'and which the Judge of said court had in mind in passing upon the issues raised by said defendants at said hearing."

Appellants in their propositions challenge the findings and rulings of the trial court in some particulars, and assign error to the action of the court in denying them a stay under the Moratorium Law of 1933 (Vernon's Ann. Civ. St. art. 2218b).

The appellee submits that the statement of facts shows that it does not contain all of the evidence which was before the trial court upon which the court's conclusions were based, and for that reason this court cannot consider the propositions of appellant attacking the sufficiency of the evidence to support the court's rulings.

In view of the record before us, we think to consider only a few of the propositions presented by appellants.

■ Appellants complain that the trial court refused to extend the time under the Moratorium Law of this state of 1933, by chapter 102, Acts of the Regular Session of the 43d Legislature, which became effective May 1, 1933 (Vernon's Ann. Civ. St. art. 2218b). The act by its terms is effective in no event beyond May 1, 1934.

The cause is now moot, and for that reason we need not discuss the assignments or propositions thereunder presenting the issue. See cases noted Plainview Building & Loan Ass'n v. Robbins (Tex. Sup.) 73 S.W.(2d) 92, 93.

The record shows substantially the following: The case was tried on its merits before a jury on January 26, 1933; a jury verdict was rendered on that day and judgment based on the verdict entered. The judgment ordered the receiver to sell the real estate involved and make a report thereof to the court for the court's further confirmation. The receiver did file his report on June 17, 1933, showing that said property had been sold to appellee on a bid of $40,000 plus the further undertaking on the part of the purchaser that it would assume all costs of suit in said action and that it would assume to pay all past due taxes, flat rates, and irrigation district charges against said land. The receiver's report included in detail the receiver's final account showing all receipts and expenditures by him during the period of his receivership.

On June 22, 1933, appellant filed exceptions and objections to the receiver's final account. On the same day appellants filed a motion praying the court to refuse to confirm the receiver's report of the sale of the land setting up as ground therefor the legislative Moratorium Act of 1933. Appellants demanded a jury on these issues. The court denied appellants the right to a jury trial on the hearing of the motion on the ground, as stated in the court's qualification to appellants' bills of exception, that the hearing was incidental or supplementary and that appellants had demanded and had had a jury trial upon the merits.

■ The authorities are clear that the right of trial by jury does not extend to such incidental and supplemental hearing. McHenry v. Bankers' Trust Co. (Tex. Civ. App.) 206 S. W. 560, a writ refused; 35 C. J. 169; 35 C. J. 189; Johnson v. State (Tex. Civ. App.) 267 S. W. 1057; Northcutt v. Northcutt (Tex. Civ. App.) 287 S. W. 515; Pittman v. Byars, 51 Tex. Civ. App. 83, 112 S. W. 102; Burckhalter v. Conyer (Tex. Com. App.) 9 S.W.(2d) 1029.

Appellants complain that the price for which the land was sold was inadequate.

■■ The question as to whether or not the land at the receiver's sale brought a fair value was an issue of fact to be passed upon by the trial court. The trial judge had before him on the hearing the witnesses and their conflicting testimony. The evidence as to value of the land ranged from $250 to $1,000 per acre. The total incumbrances which had to be discharged by the purchaser approximated some $80,000. The 320 acres, as shown by the evidence, was not all tillable. However that may be, the mere inadequacy of price would not be sufficient to set aside the sale or to refuse confirmation of the sale. Mergenthaler Linotype Co. v. McClure, 16 S.W.(2d) 280 (by the Commission of App.); Graves v. Griffin, 228 S. W. 913 (by the Commission of App.); Allen v. Stephanes, 18 Tex. 658; Baker v. Clepper, 26 Tex. 629, 84 Am. Dec. 591; Hodges v. Commonwealth Bank & Trust Co. (Tex. Civ. App.) 44 S.W.(2d) 400; Gregg v. First

Nat. Bank (Tex. Com. App.) 26 S.W.(2d) 179, 181, in which the court says that: "It is the settled law in this state that an execution sale will not be set aside solely upon the ground that the property sells for a grossly inadequate price."

Appellants complain that the trial court allowed certain items of expense contained in the receiver's final report and to discharge which the receiver had borrowed the money from the Mercedes Bank without showing in his report any authority from the court to borrow such funds.

Appellants complain that the court allowed numerous items asked by the receiver in his final report, among such items as the tractors with which to cultivate the citrus grove. Appellants submit that the evidence shows the receiver hired no tractors. The items of expense contained in the receiver's final report and allowed by the court are too numerous to discuss severally; we will refer to the record and make one observation which seems to us to apply to the objections suggested.

The receiver's final account is set out as a part of his final report and appears in the transcript. It shows in detail the receipts of all funds which came into his hands, the sources from which they came with the dates and amounts; it shows in detail the dates and amounts expended by him during his receivership and the purpose for which they were made. The record shows that appellants filed some 163 exceptions to the account, challenging the account on the ground that no vouchers were attached thereto, and made other objections.

■■ The record shows that the receiver was present in court at the hearing and in person offered in evidence all vouchers, canceled checks, and other documents in support of his report. These supporting documents were eliminated from the statement of facts by agreement. The receiver was called to testify and offered to give full information concerning any receipts or expenditures; that his books were open to inspection and the checks were there for examination; that when he made application from time to time for permission to issue receiver's certificates and to expend money, counsel for appellants had asked him about the details of such expenditures, and that he had given information in detail on such occasions when objection was made; he had in his possession complete pay rolls and other records which appellants had been and were at liberty to examine; testified that at a previous hearing he had been examined by the court on his application to borrow money and to issue receivership certificates and the use of tractors; that appellant Emmett B. Cocke and attorney for appellee were present and both sides examined him fully as to the use of tractors; that the use of tractors was necessary; and that after hearing the protest and the evidence the trial court had approved the use of the tractors personally owned by the receiver in doing the work in cultivating the orchard, and approved the charge the receiver was making for the use of the tractors.

Appellants have cited us to no rule or authority, and we have found none, which makes it mandatory upon the receiver to attach to his final account all books, vouchers, receipts, pay rolls, and records necessary to support each item of his account. To do so would necessitate a pleading so bulky that it would defeat its own purpose. All such records were before the court and upon which the receiver was examined. The items of account of a receiver are largely within the discretion of the court.

The transcript filed in this case does not include the order appointing the receiver, nor the powers given him by the court, and the record does not otherwise show whether the receiver had the power to borrow the money from the Mercedes Bank, complained of by appellants.

■ Appellants complain of some items of expense incurred by the receiver in the attendance upon the court at Dallas. The matter of such expense was before the court. The suit was in Dallas, while the property and the receivership and all the matters pertaining to the management of the property under the receivership were in Hidalgo county. During the receivership of some fifteen months the receiver apparently made several reports as to his receivership and had hearing on reports to the court at Dallas, and at which time and times evidence was heard. It is not shown that the presence before the court of the receiver and other parties at interest were not necessary and possibly so directed by the court. We are not prepared to say the items of expense so incurred were not properly allowed. Should it be held that any item of the account was erroneously allowed, such error would not have the effect of reversing and remanding the case.

The court permitted the witness Neal A. Brown, attorney for the water district, to testify: "There is $15,318.02 owing the district against this land which does not include $809.05 court costs. The district has paid a

part of the court costs, and about half of that amount is to be charged to this land."

The objection was that the evidence was hearsay and ex parte, and that the records were the best evidence of the facts sought to be shown.

Without repeating here the several pages of the record evidencing the amounts due as briefly stated by the witness, the record shows that the amounts stated by the witness were the results of some sixteen suits for taxes and flat rate assessments for water service between the appellant Emmett B. Cocke, and the water district. The suit here is not for the taxes and water service, but the amounts involved here are purely incidental to the other matters involved in the present litigation. The matters stated by the witness were of record in the several suits.

■■ We understand the rule of evidence to be that the best evidence rule does not apply to writings collateral to the issue then being tried; that where the execution or existence of a writing as distinct from its contents does not form the foundation of the action, although material to the controversy, the production of the writing is not required, but its execution and existence may be proved by parol. It is likewise the rule that where the existence or contents of a judicial record is only incidentally or collaterally involved, the best evidence rule does not require that the record be produced or its absence explained before parol evidence can be admitted. The record of suits are collateral or memorial to the facts sought to be shown by parol. 22 C. J. 1015, 1016; Parker v. Chancellor, 78 Tex. 524, 15 S. W. 157; Dalhart Real Estate Agency v. LeMaster, 62 Tex. Civ. App. 579, 132 S. W. 860.

■ The witness was the attorney for the water company in the cases referred to, and apparently personally knew the facts he testified to. We think the court was not in error in admitting the evidence.

■ The same might be said as to the testimony of the receiver, Thomas F. Reeves, who was permitted to testify over objection that he had investigated the amount of taxes and water charges owing against the realty involved herein and that the total amount thereof was $20,640.43. In qualifying he stated he had investigated the original records in the tax collector's office and had obtained the statements from the several tax collectors and introduced the statements in evidence. No effort is made to show that the several amounts involved here, such as the original loan of money on the real estate, the several amounts assumed by the purchaser, were not due and payable or were not proper charges against the real estate. The only issues suggested are the stay of judgment and items in the account of the receiver.

We have reviewed the questions presented so far as we could under the record, and have concluded that no reversible error is shown in directing the sale of the property, and that no error is shown in allowing the several items in the receiver's final report.

The case is affirmed.