HERNANDEZ v. LIGHT PUB. CO. et al.
No. 12358.

Court of Civil Appeals of Texas.
San Antonio.
Jan. 9, 1952.

Rehearing Denied Feb. 6, 1952.

John R. Shook, S. Benton Davies, San Antonio, for appellant.

House, Mercer & Kaine, San Antonio, for appellees.

POPE, Justice.

Appellant instituted this common law suit against Light Publishing Company and Valentine Macias for recovery of damages for personal injuries he claims he suffered in an automobile accident. Defendants relied upon a plea in abatement that alleged plaintiff was an employee and was limited to his recovery under the Workmen's Compensation Law of Texas. This is an appeal from an order of the trial court dismissing the plaintiff's action after sustaining the plea in abatement.

The issue between the parties at the hearing was whether appellant was an employee in the course of his employment with the Light Publishing Company or whether he was an independent contractor. The court found as a fact that Hernandez was an employee of the Light Publishing Company who was a subscriber under the Workmen's Compensation Law, and concluded that appellant's action must be asserted under that law rather than by a common law action. Art. 8306, § 3, Vernon's Ann.Civ.Stats; Bell v. Humble Oil & Refining Company, 142 Tex. 645, 181 S.W.2d 569; Kirby Lumber Co. v. Scurlock, 112 Tex. 115, 246 S.W. 76; Serano v. Garza, Tex.Civ.App., 119 S.W.2d 413; Indemnity Insurance Company of North America v. Hare, Tex.Civ.App., 107 S.W.2d 739; Houston Pipe Line Co. v. Beasley, Tex.Civ.App., 49 S.W.2d 950.

The points before us for consideration are that the court committed fundamental error in hearing the fact issue without a jury, and that the court proceeded improperly in sustaining the defendants' plea in abatement and holding that appellant was an employee in advance of a trial on the merits of the case. The record nowhere re-

flects that any objection to either of these matters was urged upon the court before or during the hearing. Special exceptions were filed raising both matters, but no action of the court on either of them is shown, and no ruling was made. The court made and filed findings of fact which fail to state that a jury was requested, but even if the necessary steps had been taken to obtain a jury, the judgment and record show no objection to the court's proceeding into the hearing for the determination of the single fact presented by all parties. No additional facts were requested. The complaint that appellant was denied a jury trial is made for the first time in this court.

 We may assume that a timely request for a jury was made in compliance with Rules 216 and 217, Texas Rules of Civil Procedure, but appellant came into court and entered upon a hearing before the court without objection and called upon the court to decide an issue of fact. After the court ruled adversely to his position, appellant will not be heard to complain that he was entitled to have a jury decide the fact question rather than the court. Appellant had a choice between submitting his fact questions to a court or a jury as the trier of facts, but his right to a jury could be waived if he chose that course, which we think he did by entering upon the hearing without complaint. Rule 220, T.R.C.P; Adams v. Johnson, Tex. Com.App., 298 S.W. 265; Coleman v. Tyler State Bank & Trust Co., Tex.Civ.App., 194 S.W.2d 145; Highsmith v. Tyler State Bank & Trust Co., Tex.Civ.App., 194 S.W. 2d 142; Daniel v. Kittrell, Tex.Civ.App., 188 S.W.2d 871; 31 Am.Jur., Jury, § 43; 50 C.J.S., Juries, § 90.

Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, discusses the history of "fundamental error" and its curtailment by the Texas Rules of Civil Procedure and the repeal of former Article 1837. Even prior to that time the error asserted had to be "apparent on the face of the record," and in holding that fundamental error was present in the Dunlop case it was stated in the opinions that the error not only involved a matter of public interest, but also was "apparent on the face of the record." If the court committed error at all, which we think it did not, it is not apparent on the face of the record before us, and we hold that this is not a case presenting fundamental error.

The final point is that defendant's plea in abatement was actually a plea in bar. We think the nomenclature is of slight importance. The parties knew what issue was being tried and participated in the hearing. They willingly submitted a separate fact issue to the trial judge for his decision prior to the trial of the cause on its merits. Whatever may have been the name given to the proceedings, the parties in fact separately tried an issue as provided in Rule 174(b). That procedure was correct. Meridith v. Massie, Tex.Civ.App., 173 S.W.2d 799.

The judgment is affirmed.