**Alfred MILLER and Richard Ravicz, Individually and for and on Behalf of Foundation Properties Joint Venture, Appellants,**

v.

**Robert K. STOUT, Stout Bilt Texas, Inc. and Continental Contracting, Inc., Appellees.**

No. 04–84–00216–CV.

Court of Appeals of Texas, San Antonio,

March 19, 1986.

Walter C. Wolff, Jr., Ralph Langley, San Antonio, for appellants.

Norman L. Nivens, Joel H. Pullen, Constance R. Sommers, San Antonio, for appellees.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

CADENA, Chief Justice.

Plaintiffs, Alfred Miller, Richard Ravicz, John Santikos and Mid-Loop, Inc. (Miller Group), filed this suit individually and on behalf of Foundation Properties Joint Venture (Foundation) for declaratory judgment seeking interpretation of certain provisions of a contract with Robert K. Stout relating to the development and management by Stout of property owned by Foundation. Defendants were Robert K. Stout, Continental Contractors, Inc., and Stout Bilt of Texas, Inc.

By motions based on Rule 12, TEX.R. CIV.P. (Vernon Supp.1986) and by plea in abatement, the right of attorneys for Miller Group to file the suit and the right of plaintiffs to sue on behalf of Foundation, were challenged. Plaintiffs timely filed a demand for a jury to resolve the issues of fact relating to the Rule 12 motion and the plea in abatement. Plaintiffs appeal from the trial court's order which denied the request for a jury, granted the Rule 12 motion, struck plaintiffs' pleadings and, after severing the counterclaim which had been filed by defendants, dismissed Foundation's cause of action.

Plaintiffs own a 50% interest in Foundation, a joint venture created for the purpose of developing and operating property owned by the venture. Bernard Lifshutz owns a 25% interest in Foundation, while Stephen Long, Irving A. Matthews and Live Oak Realty Company own the remaining 25% interest.

The contract between Foundation and Stout provided that either party could terminate the contract during its 15-year term. Plaintiffs and Lifshutz, owners of 75% of Foundation, became dissatisfied with Stout's performance and terminated the contract within a year after its execution. In order to compensate Stout in accordance with applicable contractual provisions, it was necessary for the parties to ascertain the market value of the land. When plaintiffs and Lifshutz were unable to agree with Stout on the appraisal method to be used in determining the value of the land, this suit was filed by plaintiffs. Lifshutz is not a party to the proceedings.

Relevant portions of the joint venture agreement provide:

5.1 DECISIONS. All decisions regarding the management and operation of the venture shall be made by unanimous assent of all venturers, except where otherwise specifically set forth herein. When there is disagreement or all venturers are not available for action, the assent of two-thirds in interest of the venturers shall constitute the action of the venture, except where otherwise specifically set forth herein.

5.2 POWERS OF EACH VENTURER. Each venturer shall have the power to:
* * * * * *
(d) take such other actions as may be necessary to preserve and protect the property, except no venturer shall, without the approval of the majority in interest of the venturers first obtained, expend or incur, on behalf of the venture, for such person, any sum in excess of an aggregate of $2,000.00 in any one year.

5.3 MATTERS REQUIRING UNANIMOUS CONSENT

The unanimous consent of the venturers shall be required to:
(a) confess a judgment;
(b) amend or otherwise change this agreement as to modify the rights or obligations of the venturers as set forth herein.

5.4 MATTERS REQUIRING CONSENT OF TWO-THIRDS INTEREST OF VENTURERS.

As examples, but not by way of limitation, the consent of two-thirds in interest of the venturers shall be required to:
* * * * * *

(e) take any other action except in respect to matters where it is otherwise specifically set forth herein.

The trial court found as a fact that the depositions submitted showed no facts authorizing the filing of the suit. The conclusions of law recite that (1) plaintiffs' attorneys were not authorized to represent Foundation; and (2) plaintiffs were not entitled to maintain the suit in their individual capacities for the benefit of Foundation unless all the owners of interests in Foundation unanimously agreed to institution of the suit.

■ The conclusion that the filing of this suit required the consent of all the joint venturers is erroneous. The joint venture agreement authorizes action by the "assent of two-thirds in interest of the venture, except where otherwise specifically set forth" in the agreement, whenever "there is disagreement or all venturers are not available for action." No portion of the agreement requires unanimous consent to file suit on behalf of the venture.

Plaintiffs, who represent one-half in interest of the venturers, contend that Lifshutz, owner of a 25% interest, assented to the filing of the suit, although he was not a party to it, thus satisfying the two-thirds in interest requirement. The trial court refused to permit plaintiffs to present evidence supporting this contention and refused to permit them to perfect a bill of exception on this point.

■ All that is required to authorize the suit is the consent of venturers representing two-thirds of the interest in the venture. There is no requirement that the parties representing such two-thirds interest be parties to the suit. If the required majority consents, the suit may be filed in the name of the association without joinder of the individual members. Rule 28, TEX. R.CIV.P.; *Mims Brothers v. N.A. James, Inc.*, 174 S.W.2d 276 (Tex.Civ.App.—Austin 1943), *writ ref'd*, 141 Tex. 554, 175 S.W.2d 74 (1943). The refusal of the trial court to permit the introduction of evidence establishing the consent of Lifshutz, which would show consent by 75% of the interest, and the refusal to allow plaintiff to perfect a bill require reversal of the trial court's order. If the evidence shows that Lifshutz did assent to the filing of this suit, then the plea in abatement and the Rule 12 motion should be denied.

Plaintiffs were also denied an opportunity to show that, even without the consent of Lifshutz, they represent the required two-thirds because Lang, Mathews and Live Oak Realty, who together own a 25% interest, are all disqualified from participating in any decision concerning the filing of this suit due to a conflict of interest. This was error.

The trial court held that the filing of this suit requires unanimous consent of all the venturers under TEX.REV.CIV.STAT. ANN. art. 6132b, § 9(3)(c) (Vernon 1970) because the institution of this litigation makes it "impossible to carry on the ordinary business" of Foundation. We find no evidence supporting this conclusion.

Since we are remanding the case to the trial court, we must consider plaintiffs' contention that they are entitled to have the issues of fact which may arise at the hearing on the plea in abatement and Rule 12 motion determined by a jury.

■ We have found no case holding that there is a right to a jury in hearings on pleas in abatement or a Rule 12 motion. We are unwilling to extend the right to a jury to preliminary and incidental proceedings which do not involve the question of liability. *See Cooke v. Southland Life Insurance Co.*, 75 S.W.2d 194, 198 (Tex.Civ. App.—El Paso 1934, writ ref'd). Only ultimate issues of fact are to be submitted to a jury. *State v. Texas Pet Foods, Inc.*, 591 S.W.2d 800, 803 (Tex.1979). Litigation would be interminably prolonged if all issues of fact which might arise in connection with preliminary motions and motions not involving the merits must, at the demand of a party, be determined by a jury. Such proceedings as those involving determination of motions for sanctions because of failure to respond to discovery requests, motions to dismiss for want of prosecution,

motions to dissolve temporary restraining orders, motions to recuse a judge and others often involve resolution of questions of fact. In many cases, the period of required notice of a hearing is shorter than the period within which a demand for a jury must be made.

The same is true of many post trial proceedings. A motion for new trial based on jury misconduct or newly discovered evidence frequently requires resolution of issues of fact. The same is true of a contest to a pauper's oath, a motion to require a larger appeal bond, a motion to set the amount of a supersedeas bond in a case where the judgment is not one for the recovery of money. Our system does not require that in all such instances factual issues must, at the request of a party, be submitted to a jury.

In *Hernandez v. Light Publishing Co.*, 245 S.W.2d 553 (Tex.Civ.App.—San Antonio 1952, writ ref'd), plaintiff sued his employer to recover for personal injuries he received in an automobile collision. The employer filed a "plea in abatement" alleging that plaintiff was injured in the course of his employment and was limited to a recovery under the Workman's Compensation Law. The trial court determined that plaintiff was an employee of defendant, rather than an independent contractor as plaintiff contended and dismissed the action. This Court held that the trial court did not err in determining the issue of fact without a jury. The Court did say that plaintiff had a choice of submitting the issues of fact to the court or to a jury, but even if he had timely demanded a jury, he waived his right to a jury trial by participating without objection in the hearing before the court. *Id.* at 554.

It is clear that the "plea in abatement" in *Hernandez* was actually a plea in bar, since if as defendant alleged, plaintiff was defendant's employee and had been injured in the course of his employment, he had no cause of action based on negligence. The statement concerning the right to a jury was made in connection with a fact issue

which was decisive on the ultimate question of liability.

*Buchanan v. St. Louis Southwestern Railway Co.*, 400 S.W.2d 362 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.), perhaps can be interpreted as "implying" that plaintiff would have been entitled to a jury trial at the hearing on the plea in abatement if a question of fact had been involved. But finding such implication requires a determined effort, since the complete reference to a jury trial is found in the last sentence of the second-to-last paragraph of the opinion. The court merely said, "Since only law issues were raised by the pleas to the jurisdiction and in abatement, there was no occasion for a jury trial." *Id.* at 366.

The order dismissing plaintiffs' suit is reversed and the case is ordered reinstated on the docket of the trial court. The cause is remanded to that court for further proceedings not inconsistent with this opinion.

REEVES, Justice, concurring in part, dissenting in part.

I agree that the trial court's order dismissing the case cannot stand. However, I agree with plaintiffs' contention that they are entitled to a jury resolution of questions of fact which must be determined in order to dispose of the plea in abatement and Rule 12 motion. *Hernandez v. Light Publishing Co.*, 245 S.W.2d 553, 554 (Tex. Civ.App.—San Antonio 1952, writ ref'd) clearly recognizes that plaintiff, but for his waiver, would have been entitled to a jury trial irrespective of whether the plea in question was a plea in bar. *Buchanan v. St. Louis Southwestern Railway Co.*, 400 S.W.2d 362, 366 (Tex.Civ.App.—Dallas 1966, writ ref'd n.r.e.) implies that plaintiff would have been entitled to a jury trial if the plea in abatement had raised a question of fact.

The pleadings in this case require a determination of questions of fact which are absolutely essential to the right of plaintiffs to file this suit. The right of plaintiffs to a jury trial should not be abridged.