**UNION PACIFIC FUELS, INC., and Union Pacific Resources Company, Relators,**

v.

**The Honorable Carolyn Marks JOHNSON, Judge, 189th Judicial District, Harris County, Texas, Respondent.**

No. 14–95–00301–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 7, 1995.

Ralph H. Duggins, Shayne D. Moses, Kevin C. Norton, Fort Worth, Martin D. Beirne, Houston, for appellants.

Eugene M. Nettles, Roy Antley, Houston, for appellees.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

**132**

## OPINION

MURPHY, Chief Justice.

This original proceeding arises out of a plea in abatement filed by Union Pacific Fuels, Inc. and Union Pacific Resources Company ("Union Pacific"), relators. Relators ask this court to issue a writ of mandamus directing the Honorable Carolyn Marks Johnson, respondent, to: (1) abate the lawsuit filed by Staten Island Cogeneration Corporation ("Staten Island"); (2) modify her order granting a modified jury trial on relators' plea in abatement; or (3) make a determination on relators' plea in abatement without a jury. We conditionally grant the writ.

In late 1992, Union Pacific and Staten Island entered into a contract under which Union Pacific agreed to provide a supply of natural gas for a cogeneration plant which Staten Island planned to build on Staten Island in New York.[1] Consolidated Edison Company of New York, Inc. ("Con Ed") had contracted to buy the electricity that was to be generated by the cogeneration plant pursuant to a Power Purchase Agreement. In April of 1993, Con Ed and Staten Island terminated their Power Purchase Agreement. Con Ed agreed to pay Staten Island $18,000,000.00 (eighteen million) for the termination.

After the termination, Staten Island began exploring other alternatives, including assigning the fuel supply agreement to a third party. Staten Island requested that Union Pacific consent to the proposed assignment. The parties had discussions and eventually held a meeting regarding the assignment; however, no agreement was reached. On November 24, 1993, Union Pacific sent a letter to Staten Island stating that pursuant to the contract, it was electing to terminate the agreement. That same day, Union Pacific filed suit in Tarrant County, Texas, against Staten Island seeking a declaration that it had the right to terminate the agreement without liability.

After receiving notice of the Tarrant County suit, Staten Island filed suit for breach of contract against Union Pacific in Harris County, Texas. Both parties sought to challenge the action filed by the other party. Staten Island filed a motion to dismiss the Tarrant County suit in Tarrant County alleging that: (1) Union Pacific's declaratory judgment action was merely an attempt to deprive Staten Island of its right to choose the time and place for bringing suit; (2) Staten Island's breach of contract action had fully accrued at the time the declaratory judgment action was filed; and (3) the declaration requested by Union Pacific would not terminate the uncertainty or controversy between the parties.[2] The Tarrant County court denied Staten Island's motion to dismiss, and the Texas Supreme Court overruled its motion for leave to file petition for writ of mandamus which challenged the trial court's ruling.

In Harris County, Union Pacific filed a verified plea in abatement pursuant to TEX. R.CIV.P. 93(3) stating that the Tarrant county suit involves the same parties and the same claim, and Staten Island's breach of contract claim is a compulsory counterclaim which should be filed in the Tarrant County action. Staten Island contested the plea in abatement claiming Union Pacific's inequitable conduct estops Union Pacific from relying on the Tarrant County suit to abate the Harris County suit. See *Curtis v. Gibbs*, 511 S.W.2d 263, 267 (Tex.1974) (holding that court in which suit is first filed acquires dominate jurisdiction to the exclusion of other courts unless plaintiff in first suit is guilty

---

1. A cogeneration plant uses a primary fuel such as natural gas to generate other forms of energy, e.g., electricity or steam.

2. In its motion Staten Island claimed it was entitled to relief because:

   The undisputed facts establish that the Fort Worth Lawsuit was filed during the middle of settlement negotiations—admittedly in anticipation of a suit by Relators [in that case, Staten Island and its parent company]. The Fort Worth Lawsuit was filed by the Real Parties in Interest [in that case, Union Pacific] in an attempt to deprive Relators of their right as the true plaintiffs to choose the time and place to bring suit.

   This is the same alleged "inequitable conduct" that Staten Island has raised in Harris County to avoid abatement. We note that this argument has already been rejected by the Tarrant County court and the Texas Supreme Court has denied leave to file petition for writ of mandamus.

of such inequitable conduct as will estop him from relying on first suit to abate the subsequent proceeding). Staten Island claimed it was entitled to a jury trial on the plea in abatement since fact issues existed as to Union Pacific's inequitable conduct.

After reviewing briefs filed by the parties and hearing argument, the respondent entered an order on February 22, 1995, which states, in pertinent part:

> The Court ... is of the opinion that Staten Island Cogeneration Corporation is entitled to a jury trial *on the fact issue,* the resolution of which is necessary to the Court's determination of the Plea in Abatement.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendants' Plea in Abatement shall be determined by the Court after a one-day jury trial. The issue to be tried is:
>
> Did Union Pacific Fuels, Inc. or Union Pacific Resources Company engage in conduct that wrongfully induced Staten Island Cogeneration Corporation to delay filing a lawsuit until after Union Pacific Fuels, Inc. or Union Pacific Resources Company could file a lawsuit?

(emphasis in original)

Thus, respondent decided that Staten Island was entitled to a jury trial on the fact issue. On March 16, 1995, Union Pacific filed a motion for leave to file a petition for writ of mandamus in this court. We granted leave to file and set the case for oral argument. In its petition, Union Pacific contends that respondent abused her discretion by granting Staten Island a jury trial on the plea in abatement. Accordingly, Union Pacific urges this court to issue a writ of mandamus directing respondent to rule on the plea without a jury.

■ In a mandamus proceeding, the court must determine whether the trial court abused its discretion in entering the order complained of, and whether relator has an adequate remedy by appeal. *Plaza Court, Ltd. v. West,* 879 S.W.2d 271, 275 (Tex. App.—Houston [14th Dist.] 1994, orig. proceeding). Union Pacific, the relator, has the burden of showing an abuse of discretion and

the inadequacy of remedy by appeal. *See Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, 305 (Tex.1994).

■ We first address whether Union Pacific has an adequate remedy by appeal. Mandamus will not issue when the relator has an adequate remedy by appeal because mandamus is an extraordinary remedy available only in limited circumstances. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Generally, mandamus is not available to control the incidental rulings of a trial court, such as rulings on pleas in abatement. *Abor v. Black,* 695 S.W.2d 564, 566–67 (Tex.1985); *Texas Commerce Bank, N.A. v. Prohl,* 824 S.W.2d 228, 229 (Tex.App.—San Antonio 1992, orig. proceeding). However, the decision to allow a jury to determine fact issues relating to a plea in abatement is a completely separate decision from the final ruling on the plea in abatement. Here, the issue is not whether respondent abused her discretion by granting or denying the plea; rather, the question is whether she abused her discretion by granting Staten Island's request for a jury trial so that a jury could make factual determinations necessary for an ultimate ruling by respondent. There is no ruling on the plea in abatement at this time. We do not yet know if the trial court will grant or deny the plea. Therefore, reliance on those cases dealing with rulings on pleas in abatement and adequacy of appeal is misplaced. We hold that relators have no adequate remedy by appeal.

■ We next must determine whether the trial court abused its discretion in granting a jury trial on the plea in abatement. In general, a trial court clearly abuses its discretion if it reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker,* 827 S.W.2d at 839 (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex. 1985)). A determination of factual matters is within the trial court's discretion and the appellate court may not substitute its judgment for that of the trial court. *Walker,* 827 S.W.2d at 839. However, a trial court's determination as to what the law is, or its application to the facts, is given less deference by the appellate court. *Id.* at 840. A

trial court's failure to analyze the law properly or apply it to the facts correctly is an abuse of discretion. *Id.* Therefore, if respondent failed to apply the proper standard of law in determining the request for a jury trial, then she abused her discretion.

Pleas in abatement differ from pleas in bar and pleas to the jurisdiction. A plea in abatement is a plea setting forth some obstacle to the further prosecution of the case, and if it is sustained, the proper action is to abate the case until the impediment is removed. *Life Ass'n of America v. Goode*, 71 Tex. 90, 8 S.W. 639, 640 (Tex.1888); *Piper v. Estate of Thompson*, 546 S.W.2d 341, 343 (Tex.App.—Dallas 1976, no writ). A plea to the jurisdiction is a challenge to the jurisdiction which, if sustained, requires dismissal of the case. *Texas Highway Department v. Jarrell*, 418 S.W.2d 486, 488 (Tex. 1967). A plea in bar reaches the merits of the case and the plaintiff's ultimate right to recover. If a plea in bar is sustained, a take-nothing judgment finally disposing of the controversy will be entered for the defendant. *Kelley v. Bluff Creek Oil Co.*, 158 Tex. 180, 309 S.W.2d 208, 214 (Tex.1958). Thus, while pleas in bar and pleas to the jurisdiction dispose of a case, pleas in abatement only place a hold on it.

Based on this distinction, case law recognizes a right to a jury trial where the determination of the plea, whether in bar or to the jurisdiction, reaches the merits of the cause of action or disposes of the case. In *Kelley*, the court stated that "defenses in bar" are not the proper subject matter of disposition on mere preliminary hearing before the court like "pleas in abatement." 309 S.W.2d at 214. Similarly, case law refuses to extend the right of trial by jury to pleas in abatement, since they do not reach the merits or dispose of the case. *See Miller v. Stout*, 706 S.W.2d 785, 787 (Tex.App.—San Antonio 1986, no writ). In *Miller*, the Fourth Court of Appeals found no right to a jury trial in a plea in abatement, and was unwilling to extend such a right to "preliminary and incidental proceedings which do not involve the question of liability." 706 S.W.2d at 787.

The cases cited by Staten Island to support its contention that there is a right to a jury trial on fact issues in a plea in abatement do not in fact support Staten Island's claim because a majority of the cases do not involve true pleas in abatement; rather, they deal with pleas to the jurisdiction and pleas in bar which were misnomered and incorrectly referred to as pleas in abatement.

For example, the pleas in *Robertson v. Ephraim*, 18 Tex. 118 (Tex.1856), and *Ball v. Beaty*, 223 S.W. 552 (Tex.Civ.App.—San Antonio 1917, no writ) were actually pleas to the jurisdiction. In those cases, the courts held that a party was entitled to a jury trial on fact issues relating to the pleas. In *Robertson*, the fact issue involved the defendant's county of residence, and in *Ball*, the question was the value of the property in dispute. Thus, both cases concerned the ultimate question of whether the court had jurisdiction of the entire case, and a ruling on the plea could result in a final disposition rather than a simple abatement.

Several cases cited by Staten Island to support its claim that respondent did not abuse her discretion in granting a jury trial involved pleas in bar, not pleas in abatement. *See Continental Oil Co. v. P.P.G. Industries*, 504 S.W.2d 616 (Tex.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.); *Kirby v. Travelers Ins. Co.*, 370 S.W.2d 912 (Tex.App.—Beaumont 1963, writ ref'd n.r.e.); *Hernandez v. Light Publishing Co.*, 245 S.W.2d 553 (Tex. Civ.App.—San Antonio 1952, writ ref'd). For example, the "plea in abatement" in *Hernandez* was actually a plea in bar, because, if, as the defendant alleged, the plaintiff was defendant's employee and had been injured in the course of his employment, he had no cause of action based on negligence. *Miller*, 706 S.W.2d at 788. The statement by the court concerning the right to a jury was made in connection with a fact issue which was decisive on the ultimate question of liability. *Id.* None of the pleas raised by the parties in *Continental Oil*, *Kirby*, or *Hernandez* were true pleas in abatement; rather the parties raised pleas in bar which were erroneously referred to as pleas in abatement. Therefore, these cases are inapplicable to the case at hand.

Lastly, Staten Island cites *Ocean Accident & Guaranty Corp. v. May*, 15 S.W.2d 594

(Tex.Comm'n App.1929, holding approved), as supporting its position because in that case, a jury determined the fact issues in a plea in abatement and the case was affirmed on appeal. Though *Ocean Accident,* unlike the other cases cited by Staten Island, does involve a true plea in abatement, the question of whether a party is entitled to a jury trial on fact issues arising from a plea in abatement was not before the court. Neither party contested the right to a jury trial, and the court simply accepted the fact that a jury trial was held without commenting on its appropriateness. The court did not discuss, even obliquely, whether a party is entitled to a jury trial on fact issues arising from a plea in abatement. Therefore, the case does not support Staten Island's contention that a jury trial on a plea in abatement is required, if demanded.

In ruling on the request for a jury trial, respondent stated that she did not know of any "right" to a jury trial on a plea in abatement. Nevertheless, she ordered the jury trial because she could not see any "harm" that could result. Contrary to respondent's statement, the *Miller* court addressed and identified the harm that would result from allowing jury trials on pleas in abatement, and other preliminary motions not involving the merits of a case:

> Litigation would be interminably prolonged if all issues of fact which might arise in connection with preliminary motions and motions not involving the merits must, at the demand of a party, be determined by a jury.

*Miller,* 706 S.W.2d at 787.

 *Miller* is the only Texas case directly addressing the issue of the propriety of jury trials in cases involving true pleas in abatement. We find the court's analysis in *Miller* persuasive. We, like the *Miller* court, are unwilling to extend the right to a jury trial to preliminary and incidental proceedings which do not involve a determination on the merits of the case as a whole. *See Miller,* 706 S.W.2d at 787. If we were to allow jury trials on every preliminary matter simply because they involved a factual determination, we would be introducing the rope that would ultimately hang our legal system.

We, therefore, hold that a party is not entitled to a jury trial on fact issues that arise from preliminary motions and pleas that do not involve the merits or ultimate dispositions of a case. Accordingly, respondent abused her discretion in ordering a jury trial on the issues of fact in the plea in abatement.

In conclusion, we hold that Staten Island has no right to a trial by jury on their plea in abatement. Litigation would be interminably prolonged were we to hold otherwise. *See Miller,* 706 S.W.2d at 787. Therefore, we order the trial judge to make a determination on the plea in abatement without a jury trial on any factual issues involved in ruling on the plea in abatement. We are confident that the trial judge will comply with this order. The writ of mandamus will issue only if respondent refuses to comply.