

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-10-163-CV

IN RE PROFESSIONAL                                                    RELATOR
PHARMACY II

------------

### ORIGINAL PROCEEDING

------------

### MEMORANDUM OPINION[1]

------------

This is an original proceeding in which Relator Professional Pharmacy II (Professional Pharmacy) contends that the trial court abused its discretion by issuing its March 8, 2010 order granting JP Morgan Chase Bank, NA's (JP Morgan's) motion to strike jury demand and enforce contractual waiver of jury trial. Professional Pharmacy argues that the trial court abused its discretion by granting the motion because it was filed more than a year and a half after Professional Pharmacy filed its jury demand and only forty-six days before trial

---

[1]Tex. R. App. P. 47.4.

was set to begin and because JP Morgan failed to prove the existence of a valid jury waiver. Professional Pharmacy also contends that the provision at issue is an arbitration provision and that JP Morgan waived its right to invoke arbitration. We will conditionally grant the writ.

## Background

On July 14, 2008, Professional Pharmacy filed suit against JP Morgan asserting breach of a depository contract, seeking declaratory relief, and requesting a jury trial. Over the next eighteen months, the parties conducted discovery, filed motions, and filed a joint motion for continuance. On February 4, 2010, JP Morgan filed a motion to strike Professional Pharmacy's jury demand and enforce a contractual waiver of jury trial contained within a "master account agreement." On February 17, 2010, Professional Pharmacy filed a response to the motion to strike in which it argued that JP Morgan had failed to meet its burden to prove the existence of a valid and enforceable jury waiver and that the provision relied upon by JP Morgan was not a jury waiver but rather an unenforceable arbitration provision that had been waived by JP Morgan's actions. On March 5, 2010, the trial court held a hearing on JP Morgan's motion to strike the jury demand, and it granted the motion by an order signed on March 8, 2010. On March 9, 2010, Professional Pharmacy paid the jury fee.[2] On May 21, 2010, Professional Pharmacy filed this petition for writ of mandamus.

---

[2]Although Professional Pharmacy had not paid the jury fee more than thirty days before the trial setting as required by Rule 216 of the Texas Rules of Civil

2

**Standard of Review**

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 207 (Tex. 2009) (orig. proceeding).

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *Id.* at 839–40. This burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). We give deference to a trial court's factual determinations, but we review the trial court's legal determinations de novo. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding). A trial court abuses its discretion if it incorrectly interprets or improperly applies the

---

Procedure, that issue was not one of the grounds in JP Morgan's "motion to strike and enforce a contractual jury waiver", and the trial court's March 8, 2010 order does not list the failure to pay as a reason for granting JP Morgan's motion to strike. *See* Tex. R. Civ. P. 216; *Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985); *Univ. Printing Co., Inc. v. Premier Victorian Homes, Inc.*, 73 S.W.3d 283, 289 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

law.  *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642–43 (Tex. 2009) (orig. proceeding); *Walker*, 827 S.W.2d at 840.

Absent extraordinary circumstances, mandamus will not issue unless relator lacks an adequate remedy by appeal.  *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 210–11 (Tex. 2004) (citing *Walker*, 827 S.W.2d at 839). Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review.  *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).  As this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories.  *Id.*  An appellate remedy is adequate when any benefits to mandamus review are outweighed by the detriments.  *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).  When the benefits outweigh the detriments, we must conduct further analysis.  *Id.*  An appeal is inadequate for mandamus purposes when parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record.  *Van Waters & Rogers, Inc.*, 145 S.W.3d at 210–11; *Walker*, 827 S.W.2d at 843–44.  An appellate court should also consider whether mandamus will allow the court to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments and whether mandamus will spare litigants and the public the time and money utterly

4

wasted enduring eventual reversal of improperly conducted proceedings. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding).

Improper denial of the constitutional right to trial by jury amounts to an abuse of discretion. *See McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995); *In re Bradle*, 83 S.W.3d 923, 928 (Tex. App.—Austin 2002, orig. proceeding); *Union Pac. Fuels*, *Inc. v. Johnson*, 909 S.W.2d 130, 133 (Tex. App.—Houston [14th Dist.] 1995, orig. proceeding); *Rosenthal v. Ottis*, 865 S.W.2d 525, 529 (Tex. App.—Corpus Christi 1993, orig. proceeding). The issue of whether a presuit waiver of trial by jury is enforceable is reviewable by mandamus. *See In re Prudential,* 148 S.W.3d at 138.

**The Trial Court Abused its Discretion by Granting the Motion to Strike Professional Pharmacy's Jury Demand because JP Morgan Failed to Prove a Valid and Enforceable Jury Waiver**

In its second issue, Professional Pharmacy argues that the trial court abused its discretion by granting the motion to strike the jury demand because JP Morgan failed to establish the existence of a valid and enforceable jury waiver. Professional Pharmacy contends that the contractual provision contained within the master account agreement that JP Morgan contends is a "jury waiver" is not a jury waiver but rather a portion of an arbitration clause. The complete provision reads as follows:

> 4.     Most disputes arising under this Agreement related to accounts or services hereunder are subject to mandatory binding arbitration. Rights to trial by judge or jury are waived hereby. Bank must be notified by depositor of claims and proceedings to enforce any such claims must be brought, within the time requirements

5

established in the Account Disclosures and Regulations.

JP Morgan contends that the jury waiver "provision provides for either arbitration or for jury waiver."[3]  JP Morgan specifically argues that under the provision at issue,

> If a party files a lawsuit the dispute may be subject to arbitration (i.e. "most disputes . . . are subject to" arbitration).  In such a case, a party may invoke the arbitration provision, and an arbitration would be conducted by an arbitrator-not a judge.  On the other hand, if a party files a lawsuit, and if arbitration is not sought or the claims are not subject to arbitration, the right to trial by jury is still waived.  There is nothing that precludes a party from invoking one portion of the provision-i.e. right to trial by jury is waived.

This argument requires us to apply basic principles of contract construction.  When construing contracts and other written instruments, our primary concern is to ascertain the true intent of the parties as expressed in the instrument.  *See Baldaran v. Safeco Ins. Co.*, 972 S.W.2d 738, 741 (Tex. 1998); *NP Anderson Cotton Exch., L.P. v. Potter*, 230 S.W.3d 457, 463 (Tex. App.—Fort Worth 2007, no pet.); *In re Estate of Dellinger*, 224 S.W.3d 434, 438 (Tex. App.—Dallas 2007, no pet.) (applying general principles of contract construction to the interpretation of a bank account application); *Allen v. Wachtendorf*, 962 S.W.2d

---

[3]In its response, JP Morgan also argues that Professional Pharmacy lacks standing to assert claims against it for breach of contract, wrongful foreclosure, negligence, and conversion because it is not a party to the master account agreement.  However, JP Morgan had filed a motion for summary judgment on the standing issue, and the motion was denied by the trial court before this original proceeding was filed.  JP Morgan further argues that, even though Professional Pharmacy lacks standing to complain of a breach of the master account agreement, it is nonetheless bound by the "jury waiver" contained within the agreement.

6

279, 283 (Tex. App.—Corpus Christi 1998, pet. denied) (applying general principles of contract construction to the interpretation of a bank account signature card).  If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law.  *See Nat'l Union Fire Ins. Co. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995).  We must examine and consider the entire contract in an effort to harmonize and give effect to all provisions so that none are rendered meaningless.  *See Potter*, 230 S.W.3d at 463; *see also J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). "We construe contracts 'from a utilitarian standpoint bearing in mind the particular business activity sought to be served' and 'will avoid when possible and proper a construction which is unreasonable, inequitable, and oppressive.'"  *Frost Nat'l Bank v. L & F Dist., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005) (quoting *Reilly v. Rangers Mgmt., Inc.,* 727 S.W.2d 527, 530 (Tex. 1987)).  "If, after the pertinent rules of construction are applied, the contract can be given a definite or certain legal meaning, it is unambiguous and we construe it as a matter of law."  *Id.* (citing *Webster,* 128 S.W.3d at 229).

Examining the provision at issue in light of the pertinent rules of construction, we conclude that JP Morgan's contention that the provision at issue is both an arbitration provision and a jury waiver is incorrect.  "[A] difference exists between a jury trial waiver and an agreement to arbitrate disputes."  *See Chambers v. O'Quinn*, 305 S.W.3d 141, 149 (Tex. App.—Houston [1st Dist.]

7

2009, no pet.).  Arbitration is an agreement to resolve disputes out of court in the first instance, not an agreement to waive a particular constitutional right available within the judicial process.  *See id.* (citing *D. Wilson Const. Co., Inc. v. McAllen Indep. Sch. Dist.*, 848 S.W.2d 226, 231 (Tex. App.—Corpus Christi 1992, writ dism'd w.o.j.)).  When a party contractually agrees to arbitrate a dispute, it waives its rights to recourse in the courts.  *D. Wilson Const. Co., Inc.,* 848 S.W.2d at 231.

The first sentence in the provision at issue clearly relates to arbitration as the method that has been selected for resolving disputes.[4]  The sentence waiving trial by judge or jury also clearly contemplates arbitration as it attempts to take the dispute resolution out of the court system altogether.  "Judge" and "jury" are mentioned in the same sentence, and there is nothing to indicate the waiver of jury standing alone.  Accordingly, JP Morgan's contention that the provision is a valid jury waiver fails.  *See Chambers*, 305 S.W.3d at 149.  Moreover, even if this provision was meant to serve as a jury waiver, it would fail because it is not conspicuous.  *See In re Bank of America*, 278 S.W.3d 342, 344–45 (Tex. 2009) (per curiam); *Prudential*, 148 S.W.3d at 134.

Further, because Professional Pharmacy stands to lose a substantial right, it lacks an adequate remedy by appeal.  *See Rosenthal*, 865 S.W.2d at 529

---

[4]We note that the provision refers to "most disputes" without delineating the disputes that are encompassed by that term.  Because JP Morgan is not seeking arbitration, however, we need not decide whether this language renders the provision enforceable.

8

(stating adequate remedy by appeal does not exist for denial of jury trial). We therefore sustain Professional Pharmacy's second issue and conditionally grant Professional Pharmacy's petition for writ of mandamus. Because of our disposition of Professional Pharmacy's second issue, we need not consider the remaining issues, which all relate to the improper granting of JP Morgan's motion to strike. *See* Tex. R. App. P. 47.1.

## Conclusion

Having determined that the trial court abused its discretion by granting JP Morgan's motion to strike Professional Pharmacy's jury demand, we order the trial court to vacate its March 8, 2010 order granting the motion to strike. Only if the trial court fails to comply with this court's order will we issue the writ.

ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MCCOY, JJ.

DELIVERED: September 23, 2010

9